COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

CAIN YATES

MEMORANDUM OPINION[*]
v.    Record No. 1282-99-3          PER CURIAM
NOVEMBER 30, 1999
MARIE YATES

FROM THE CIRCUIT COURT OF DICKENSON COUNTY
Donald A. McGlothlin, Jr., Judge

(Donald E. Earls; Earls & Fleming, on brief),
for appellant.

(Buddy H. Wallen; Buddy H. Wallen, P.C., on
brief), for appellee.


Cain Yates (husband) appeals the decision of the circuit court granting Marie Yates (wife) spousal support and dividing the marital property of the parties.  On appeal, husband argues that the trial court erred by (1) failing to consider all the statutory factors when awarding spousal support and making its equitable distribution decision; and (2) placing undue significance on wife's age and health while not considering husband's health and ability to work.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

The record on appeal includes an opinion letter dated March 26, 1998, specifying the trial court's findings and rulings; the decree entered March 4, 1999, reciting verbatim the findings and rulings contained in the opinion letter; and a written statement of facts. The decree was endorsed by husband's counsel "Seen and objected to." Neither the decree nor the written statement of facts contains a statement of husband's objections. Husband filed a motion to rehear on August 7, 1998, requesting that the trial court "in the least award him a portion of the U.S. Savings Bond previously awarded to [wife]." No other objection is stated.

On appeal, husband contends that the trial court failed to consider the statutory factors set out in Code § 20-107.1 when awarding spousal support to wife. The brief does not contain references to the pages of the record where this question was preserved in the trial court. See Rule 5A:20(c). We find no indication in the record that husband raised this issue before the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule 5A:18. "We cannot assume that appellant's objection and reasons were proffered but not made a part of the record." Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (en banc). We will not consider on appeal an issue that was not presented to the trial court.

-

Husband also argues that the trial court failed to consider certain statutory factors set out in Code § 20-107.3 when making its equitable distribution decision.  Husband's motion to rehear referred to certain payments made by husband for wife's expenses and requested redistribution of a specific piece of marital property.  That is not the argument husband now raises on appeal.  The endorsement of the order "Seen and objected to" gave no indication what husband's specific objections were.

> [N]either the Code [§ 8.01-384] nor Rule 5A:18 is complied with merely by objecting generally to an order.  Since the rule provides that "[a] mere statement that the judgment or award is contrary to the law and the evidence is not sufficient," it follows that a statement that an order is "seen and objected to" must also be insufficient.

Lee, 12 Va. App. at 515, 404 S.E.2d at 738.  The endorsement was insufficient to preserve the question husband now raises on appeal.

Finally, husband also contends that the trial court placed undue significance on wife's age and health and failed to consider his health and ability to work.  For the reasons stated above, we find no indication that husband raised this issue below or preserved it for appeal.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-