COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


SCOTT ERIC SUMMERS

                                    MEMORANDUM OPINION* BY
v.    Record No. 2522-99-4          JUDGE JEAN HARRISON CLEMENTS
                                           APRIL 17, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                Ann Hunter Simpson, Judge

        Joseph W. Kaestner (Kaestner, Pitney & Jones,
        P.C., on brief), for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Scott Eric Summers was tried by jury and convicted of driving

after having been declared an habitual offender in violation of

Code § 46.2-357(B)(1) and driving on a suspended license, second

or subsequent offense, in violation of Code § 46.2-301.  On

appeal, he contends the trial court erred (1) in rejecting his

claim that the driving on a suspended license charge should be

stricken on the basis that, as a matter of sound statutory

construction, he no longer had a suspended operator's license when

the offense occurred because it had been extinguished by the

revocation of his license when he was determined to be an habitual

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

offender and (2) in refusing to instruct the jury on the defense
of others.  For the reasons that follow, we affirm the
convictions.

As the parties are fully conversant with the record in this
case and because this memorandum opinion carries no precedential
value, this opinion recites only those facts necessary to a
disposition of this appeal.

### A.   DRIVING ON SUSPENDED LICENSE

Summers first contends on appeal that the trial court erred
in denying his motion to strike the driving on a suspended
license charge.  He could not, he claims, properly be convicted
of driving on a suspended license because, having been declared
an habitual offender, his previously suspended operator's
license had been revoked and, thus, was not extant at the time
the charged offenses occurred.  Under established rules of
statutory construction, an operator's license cannot, he argues,
be both suspended and revoked at the same time.  As defined in
Code § 46.2-100,[1] the revocation of a license, unlike a

---

[1] Code § 46.2-100 reads, in pertinent part, as follows:

> "Revoke" or "revocation" means that the
> document or privilege revoked is not subject
> to renewal or restoration except through
> reapplication after the expiration of the
> period of revocation.

> \*      \*      \*      \*      \*      \*      \*

> "Suspend" or "suspension" means that
> the document or privilege suspended has been

-

suspension, extinguishes the license, he asserts. Thus, his argument continues, "[a] suspended operator's license is terminated when it is revoked." Hence, because a previously suspended license no longer exists once it has been revoked, it is impossible under Virginia law, Summers concludes, to convict a person declared an habitual offender of driving on a suspended license. The statutory definitions of "suspension" and "revocation" clearly express such a legislative intent, he avers.

The Commonwealth contends that, because Summers did not make the same argument at trial that he makes here, his argument regarding the driving on a suspended license charge is procedurally barred. We agree.

An appellate court will not consider an argument on appeal that is different from the argument presented to the trial court, even if it relates to the same issue. See Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The purpose of this rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Lee v.

_____

temporarily withdrawn, but may be reinstated following the period of suspension unless it has expired prior to the end of the period of suspension.

-

<u>Lee</u>, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (<u>en</u> <u>banc</u>);
<u>Kaufman v. Kaufman</u>, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Here, Summers did not make the same argument before the trial court that he makes before us.  Nothing in Summers's argument at trial, which was limited to his claim that the driving on a suspended license charge should be stricken under the "doctrine of merger," gave the court or the Commonwealth the opportunity to consider and address the argument he presents to us.[2]  At no point at trial did he raise his present claim that the driving on a suspended license charge should, as a matter of statutory construction, be stricken on the basis of the definitions of "revocation" and "suspension."

Thus, Summers's failure to raise this argument before the trial court precludes him from raising it for the first time before us on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  Hence, our consideration of this assignment of error is procedurally barred.

---

[2] Indeed, Summers argued at trial in support of his "merger doctrine" claim, that driving on a suspended license is a lesser-included offense of driving after having been declared an habitual offender.  On appeal, however, having abandoned his "merger" argument, Summers concedes that driving on a suspended license is not a lesser-included offense of driving after having been declared an habitual offender.

-

B.  DEFENSE OF OTHERS INSTRUCTION

Summers also contends that the trial court erred in refusing to instruct the jury on the "defense of others" defense.  He argues that the evidence adduced at trial supported such an instruction and that the jury should have been given the opportunity to consider whether he operated a motor vehicle in the reasonable belief that he was doing so in the defense of others.

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction."  Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999).  "A party is entitled to have the jury instructed according to the law favorable to his or her theory of the case if evidence in the record supports it."  Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

In this case, the record plainly does not support the giving of a defense of others instruction to the jury.  The defense of others defense applies when a person justifiably uses force to defend another person.  See id. at 385-86, 412 S.E.2d at 201-02.  Here, even when viewed in the light most favorable to Summers's theory of what occurred, there is no evidence in the record that Summers used force to protect or defend Michael Shaffer or Jay Beck.  Nor did any of the offenses he was charged with relate to his using force.  Summers merely drove Shaffer from the scene of the confrontation.  Thus, Summers was not entitled to assert a

-

claim of defense of others.  Hence, the trial judge did not err in refusing to instruct the jury on that defense.

Accordingly, we affirm Summers's convictions.

<u>Affirmed.</u>

-