COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


SHELLIE BILLINGSLEY
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 3091-01-1              JUDGE LARRY G. ELDER
                                            APRIL 30, 2002
RICHARD BILLINGSLEY


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                   A. Bonwill Shockley, Judge

            Joseph A. Migliozzi, Jr. (Hooker & Migliozzi,
            P.C., on brief), for appellant.

            No brief or argument for appellee.


    Shellie Billingsley (mother) appeals from an order of the

trial court ruling that the State of Washington was a more

appropriate forum for the resolution of her dispute with Richard

Billingsley (father) over the custody of the parties' three

minor children.  On appeal, mother contends the trial court

abused its discretion when it ceded jurisdiction to the State of

Washington because (1) father waived his right to contest

Virginia's jurisdiction; (2) res judicata prevented the trial

court from reversing its previous jurisdictional ruling; (3) the

transfer deprived her of her right to a de novo appeal of the

custody ruling made by the district court; and (4) Virginia's

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

version of the Uniform Child Custody Jurisdiction Act (the UCCJA) justified the court's retaining exclusive jurisdiction over the custody determination. We hold that mother failed to preserve her first three assignments of error for appeal and that the court's decision to transfer jurisdiction of the custody dispute to the Washington court did not constitute an abuse of discretion. Therefore, we affirm the challenged order.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. See, e.g., Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statement of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Furthermore, we presume on appeal that the judgment of the lower court is correct. Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255,

-

256-57 (1991).  The burden is on the appellant to present a sufficient record from which we may determine both that the claimed error has occurred and that appellant preserved that error for appeal.  See Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc); Lee, 12 Va. App. at 516-17, 404 S.E.2d at 738-39.

Here, mother presented a record sufficient to prevent dismissal of her appeal.  However, the record is insufficient to prove she preserved her first three assignments of error for appeal and insufficient to permit us to conclude that the trial court's transfer of jurisdiction constituted an abuse of discretion.  Although mother asked the trial court to create a record after its August 2001 hearings on the issue of jurisdiction, the record contains no indication mother made a contemporaneous attempt to have those proceedings transcribed. As a result, the record on appeal contains a transcript of a telephone conference of August 21, 2001, between the trial court and Judge Cuthbertson of the Superior Court of Pierce County, Washington.  The record indicates that an additional conference call took place on August 17, 2001 and that counsel for the parties presented argument on that date.  However, no transcript of that proceeding appears in the record, and appellant offered

-

no statement of facts pursuant to Rule 5A:8(c) to establish what arguments were made during that proceeding.[1]

The record properly before us on appeal contains no indication that mother preserved for appeal her argument that father waived his right to contest the jurisdiction of the trial court by appearing, through counsel, on his transfer motion. The record also contains no indication that mother claimed in the trial court that a transfer of jurisdiction would deprive her of her right to a de novo appeal of the district court's custody ruling. In her motion for rehearing, she merely noted, inter alia, that at the time of transfer, the matter was set to be tried in Virginia Beach Circuit Court pursuant to a timely appeal from the district court ruling. This statement was insufficient to put the trial court on notice of her claim that transfer deprived her of the right to a de novo appeal. Similarly, mother failed to preserve for appeal her argument that the trial court's denial of father's motion to transfer

---

[1] Code § 20-146.9, titled "Communication between courts," requires that a record must be kept of communications between courts which do not deal solely with scheduling or other housekeeping matters and that this record must be made available to the parties. However, according to the Official Comment accompanying this code section, the record may be a summary of the communication and the purpose of the record is so that the parties "may be informed of the content of the conversation." Thus, we conclude that Code § 20-146.9 is not intended to make the court responsible for creating a record sufficiently detailed to permit an appeal and does not place the burden on a court to keep a record of communications in which the parties participate.

-

jurisdiction by order entered July 17, 2001, was a final order on the subject of jurisdiction and, thus, that <u>res</u> <u>judicata</u> prevented the trial court from reversing that decision and ordering transfer in its order of August 23, 2001.  Mother indicated in her motion for rehearing merely that the court previously denied father's transfer motion.  She did not assert a belief that the second motion was barred by <u>res</u> <u>judicata</u>. Thus, the record properly before us fails to establish that mother presented these issues to the trial court, and we see no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Finally, based on the record before us on appeal, we conclude the trial court's decision to relinquish jurisdiction over the custody dispute to the Superior Court of Pierce County, Washington, was not an abuse of its discretion.  Code § 20-146.18 provides as follows:

> A.  A court of this Commonwealth that has jurisdiction under this act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or request of another court.

> B.  Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction.  For this purpose,

-

the court shall allow the parties to present evidence and shall consider all relevant factors, including . . .

*    *    *    *    *    *    *

2.  The length of time the child has resided outside the Commonwealth;

*    *    *    *    *    *    *

6.  The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

7.  The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

8.  The familiarity of the court of each state with the facts and issues in the pending litigation.

C.  If a court of this Commonwealth determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper. . . .

Pursuant to Code § 20-146.9, "a court of this Commonwealth shall communicate with the court appearing to have jurisdiction in any other state . . . . The court may allow the parties to participate in the communication."  According to the Official Comment accompanying that code section, "[t]he parties' participation in the communication may amount to a hearing if there is an opportunity to present facts and jurisdictional

-

arguments. . . . [A]n opportunity to fairly and fully present facts and arguments on the jurisdictional issues . . . may be done through a hearing or, if appropriate, by affidavit or memorandum."

Here, the trial court considered, as directed by the statute, whether the Washington court could exercise jurisdiction and noted that court's determination of August 9, 2001, that it could do so. The trial court cited the determination of the Washington court that it had personal jurisdiction over mother in divorce proceedings pending in Washington and that the divorce proceedings required it to determine custody of the parties' children. Further, it was undisputed that the children had resided with father in Washington for over a year prior to entry of the August 23, 2001 order. It also was undisputed on the record properly before us on appeal that the children had been continuous residents of the State of Washington prior to that time, as well, "[e]xcept for the period of time that [mother] took the children and left the State of Washington" and that the bulk of the children's extended family, on both mother's and father's sides, resided there, as well. Finally, the evidence established that the Washington court was at least somewhat familiar with the facts and issues in the custody dispute. The divorce proceeding pending in the Pierce County Superior Court also required a resolution of all child custody issues, and on August 9, 2001,

-

that court had issued a restraining order prohibiting anyone from removing the parties' children from Washington.  The trial court also indicated that it would forward to Washington both DSS's study of mother's home and a report from the guardian ad litem appointed in the trial court proceedings.

Thus, the evidence in the record on appeal established that a custody proceeding was pending in Washington when the trial court found a transfer of jurisdiction appropriate and that the additional evidence in the record, viewed in the light most favorable to father, supported the trial court's finding that Pierce County Superior Court was "a more appropriate forum" under Code § 20-146.18 for litigation of the custody dispute. In light of this evidence, the mere fact that the trial court may have been "justified" in retaining jurisdiction does not convert its decision, instead, to relinquish jurisdiction into an abuse of discretion.

For these reasons, we affirm the trial court's order relinquishing jurisdiction.

Affirmed.

-