COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


MOSES VIRGIL CAMPBELL, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 1764-01-2        JUDGE JEAN HARRISON CLEMENTS
                                         APRIL 29, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF MADISON COUNTY
                    Daniel R. Bouton, Judge

        Charles L. Weber, Jr., for appellant.

        Eugene Murphy, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


     Moses Virgil Campbell, Jr., was convicted in a bench trial of

operating a motor vehicle after having been declared an habitual

offender, second offense, in violation of Code § 46.2-357.  On

appeal, he contends the trial court erred in finding the evidence

sufficient to prove that the order of revocation issued by the

Department of Motor Vehicles (DMV) was in effect at the time he

was driving a motor vehicle.  Finding appellate review of

Campbell's claim procedurally barred, we affirm his conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings as are necessary to the parties' understanding of the disposition of this appeal.

The facts in this appeal are not in dispute. On May 8, 2000, Campbell, who was operating a motor vehicle in Madison County, was stopped by Trooper Eugene W. Metz and charged with reckless driving and operating a motor vehicle after having been declared an habitual offender, second offense.

At trial, the court received into evidence, without objection, Campbell's DMV record and evidence of a prior conviction for operating a motor vehicle after having been declared an habitual offender. However, when the Commonwealth offered for admission into evidence an order of revocation issued by the DMV on February 22, 1999, informing Campbell that he had been declared an habitual offender and that his operator's license was revoked as a result, Campbell objected to the admissibility of the document because there was no "documentation attached to [the revocation order] identifying a certified mailing with return receipt indicating that it had been received." In support of the objection, Campbell's attorney argued that "an individual [who] has been identified as an habitual offender [must] have knowledge of that."

Responding to the objection, the trial judge stated:

> That's an element of defense, though. That's got nothing to do with whether or not he is an habitual offender. That's a separate element the Commonwealth has to prove. That wouldn't go to the admissibility

-

of whether he's an habitual offender, would
it?

Campbell's attorney responded:

> I defer to the Court.  But clearly where
> this document does not show knowledge I would
> suggest that that would go to the weight of
> this document.  But where this refers
> specifically to a determination, the Code--
> specifically to a determination process and
> 46.2-357 refers to determination or
> adjudication, I would suggest to the Court
> that this document is not relevant.

Asked for his view of the matter, the attorney for the
Commonwealth stated that the document was not being offered to
prove notice, but rather to prove Campbell had been declared an
habitual offender.  The trial court then overruled the objection
and admitted the document, adding, "The issue of notice is a
separate issue.  That hasn't been ruled on."

At the conclusion of the Commonwealth's evidence, Campbell's
attorney moved to strike the Commonwealth's case, arguing that,
because the Commonwealth did not produce a "copy of the certified
mailing with return receipt" for the revocation order, the
Commonwealth failed to prove that Campbell "had notice of being an
habitual offender."  The trial court denied the motion and
subsequently found Campbell guilty of the offense charged.[1]

Campbell's sole contention, on appeal, is that the trial
court erred in finding the evidence sufficient to convict him of
driving after having been declared an habitual offender because

---

[1] Campbell was also convicted of reckless driving.

-

the Commonwealth failed to prove the DMV strictly complied with the mailing requirements of former Code § 46.2-352 "necessary to place the revocation order in effect." Consequently, Campbell argues, the evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that the order of revocation issued by the DMV on February 22, 1999, was in effect on May 8, 2000, when he was operating a motor vehicle.

The Commonwealth contends Campbell's claim is procedurally barred by Rule 5A:18 because he did not present the argument he makes on appeal to the trial court. We agree with the Commonwealth.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Rule 5A:18. The purpose of this rule is to insure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

At trial, Campbell challenged the admissibility of the order of revocation on the grounds it was not relevant because the Commonwealth failed to show he had received notice of that order in compliance with former Code § 46.2-352. Campbell further argued at the close of the Commonwealth's case that the

-

Commonwealth's evidence was insufficient to prove his guilt because it failed to prove he "had notice of being an habitual offender."  At no point during the trial, however, did Campbell make the argument that the Commonwealth's evidence was insufficient to prove the order of revocation was in effect on May 8, 2000.  As a result, neither the trial court nor the Commonwealth had the opportunity to address, examine, or resolve that issue below.  Hence, we will not consider Campbell's claim on appeal.

Moreover, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

Accordingly, we affirm Campbell's conviction.

Affirmed.