COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


ALBERT MAURICE ROBERTS, JR.

MEMORANDUM OPINION[*] BY
v.   Record No. 2401-01-2      JUDGE JEAN HARRISON CLEMENTS
                              APRIL 29, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge

Joseph W. Kaestner (Tara-Beth Coleman;
Kaestner & Associates, P.C., on brief), for
appellant.

Steven A. Witmer, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Albert Maurice Roberts, Jr., was convicted in a jury trial of

possession of cocaine with intent to distribute, in violation of

Code § 18.2-248.  Based on that conviction, the trial court

sentenced Roberts to eight years' confinement, with three years

suspended, and revoked a portion of Roberts' suspended sentence

for a prior conviction.  On appeal, Roberts contends the trial

court erred in (1) granting a coercive "Allen instruction" to the

jury and (2) improperly suggesting to the deadlocked jury that it

could reach a verdict by negotiating.  Roberts further contends

that, if his conviction of possession of cocaine with intent to

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

distribute is reversed, the revocation of his previously suspended sentence must also be reversed. Finding appellate review of Roberts' claims that the trial court erred procedurally barred, we affirm Roberts' conviction and the resulting revocation of his previously suspended sentence.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

After deliberating Roberts' guilt for approximately one hour and forty-five minutes, the jury returned and the foreperson asked the trial judge, "[W]hat do we do if we can't reach a unanimous decision?" A bench conference followed, during which the Commonwealth requested an "Allen instruction." Roberts' attorney responded, "I would ask for a mistrial at this time. I don't think the 'Allen instruction' is appropriate at this time." The trial judge stated: "I think it is appropriate. The question is to the time and they've been out roughly an hour and forty-five minutes. This case was not complicated. Otherwise, I'm inclined to give the 'Allen charge' right now." Roberts' attorney replied, "Fine. Note my objection."

The trial judge then instructed the jury as follows:

[Foreperson] and Ladies and Gentlemen, I am going to respond to your question by reading you one additional instruction.  It will not be provided to you in writing as the other instructions were.  So I'm going to ask that you listen carefully to the reading of this instruction.  What the court is about to say does not mean that you are going to be made to agree or that you're going to be compelled to continue deliberations until you arrive at a verdict.  Trials are expensive, time consuming, inconvenient and troublesome to all persons involved.  A jury must decide the issues in this case.  If you cannot decide, then we shall have to get another jury to decide the issues.  The court sees no reason why you as jurors are not as competent and able to decide the issues as any other jury.  It is your duty to make an honest and sincere attempt to reach a verdict.  The verdict must be unanimous.  Jurors should be open minded and listen to the argument of others, talk over the issues and evidence freely and fairly.  Each juror must decide the issues for himself or herself, but only after an impartial consideration of the evidence with his or her fellow jurors.  In the course of deliberations, a juror should not hesitate to reexamine his or her views and change his or her opinion if convinced it is erroneous.

Each juror in the minority view should reconsider such minority view in light of the opinion of the majority.  And likewise, each juror in the majority view should give equal consideration to the views of the minority.  No juror should surrender his or her convictions as to the weight of the evidence solely because of the opinion of his or her fellow jurors or for the mere purpose of returning a verdict.  The Court cannot give you any further guidance at this time as to guilt or innocence.  The Court is requesting that you as fair minded individuals retire to your jury room and make another honest effort

to come to a conclusion on all the issues presented in this case keeping in mind what the Court has stated to you in this instruction and the other instructions previously provided to you. Having said that ladies and gentlemen, I am going to ask that you return to your jury room for further deliberations and whatever determination you can make. And as the Court has suggested and as this instruction suggests, your verdict must be unanimous. Thank you. If you'll retire to your jury room.

After the jury deliberated for another one and one-half hours, the trial judge advised the parties it was "inclined to bring [the jury] back and inquire of the [foreperson] as to whether they're making any progress." Roberts' attorney asked the trial court "to inquire of the jury whether or not they have a verdict and if they don't have a verdict, declare a mistrial."

When the jury was returned, the trial judge asked the foreperson if she felt "additional deliberations [would] be beneficial," to which she responded, "No, Your Honor." The judge then asked the other jurors, "[I]s there anyone who disagrees with that comment that further negotiations or deliberations would not be beneficial or fruitful?" One of the jurors indicated that he felt additional deliberations would be beneficial. The judge then asked the jurors how many agreed with the juror who felt additional deliberations would be beneficial and how many disagreed with him. Roberts' attorney noted that three jurors indicated further deliberations would be beneficial, six jurors

- 4 -

indicated further deliberations would not be beneficial and three were "in the middle."

Roberts' attorney again moved for a mistrial, arguing, "At this point, the folks offered no indication that they're going to reach a verdict and whether or not any further deliberations would be of benefit." Noting that, in light of the jurors' comments, he would "give them a little more time," the trial judge sent the jury back to the "jury room for further deliberations."

After the jury retired, Roberts' attorney suggested to the trial judge that, given the hour and the amount of time the jury had already spent on the case that day, the jury be allowed to return the next day to continue its deliberations. Saying he would give the jury that option, the trial judge told the foreperson that the jury could continue deliberating that evening or return the next morning to continue its deliberations if it wished. Upon polling the jury, the foreperson advised the judge that the jury wanted to stay.

Later that evening, the jury advised the trial court it had reached a verdict. The jury found Roberts guilty. The jury was polled individually, and each member indicated his or her approval of the verdict.

## II. ANALYSIS

Roberts contends the "Allen instruction" given by the trial court was coercive and, thus, improper. Specifically, he

challenges the admonition in that instruction addressed to the minority jurors as follows:  "Each juror in the minority view should reconsider such minority view in light of the opinion of the majority."  Roberts complains that the court's directive to the minority jurors to reconsider their view "in light of the opinion of the majority" constituted one-sided coercion of the jurors in the minority, in that no similar instruction was given to the majority jurors.

However, Roberts made no such argument before the trial court.  At trial, Roberts initially objected to the giving of an "<u>Allen</u> instruction," but, once the trial court decided to give the instruction, Roberts made no objection to the contents of the instruction given by the court.  Indeed, he did nothing to apprise the trial court that the instruction itself was erroneous or deficient in any way.  His only objection was to the denial of his motion for a mistrial and the giving of an "<u>Allen</u> instruction."

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); <u>see also</u> Rule 5A:18.  The purpose of this rule is to insure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.  <u>See</u> <u>Lee v. Lee</u>, 12

Va. App. 512, 514, 404 S.E.2d 736, 737 (1991); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Hence, because he made no argument at trial regarding the contents of the "Allen instruction" given by the court, Roberts is barred from raising this claim for the first time on appeal.

Roberts next contends that, in later asking the jurors if any of them disagreed with the "comment that further negotiations or deliberations would not be beneficial or fruitful," the trial court improperly suggested to the jury that they could resolve their inability to reach a unanimous verdict by negotiation. The court's suggesting to the jury that it could negotiate a verdict, Roberts argues, is "fatal to a fair and impartial verdict."

Roberts made no contemporaneous objection to the trial court's use of the word "negotiations." Likewise, he did not request a cautionary instruction or move for a mistrial on that ground. The trial court, therefore, had no opportunity to consider the matter and, if necessary, take steps to correct it. Consequently, this claim is also procedurally barred.

Moreover, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18 as to either of Roberts' claims of alleged error.

Accordingly, we affirm Roberts' conviction of possession of cocaine with intent to distribute. Because we do not reverse that

conviction, we also affirm the revocation of Roberts' previously suspended sentence resulting from the instant conviction.

<u>Affirmed.</u>