COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Alexandria, Virginia


JOHNNY EARL CHERRY
                                              MEMORANDUM OPINION[*] BY
v.         Record No. 1266-03-1              CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                     APRIL 27, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
Prentis Smiley, Jr., Judge

Dianne G. Ringer (Bierowicz & Ringer, P.C., on brief), for appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Johnny Earl Cherry (appellant) pled guilty to driving under the influence (third or

subsequent offense) in violation of Code § 18.2-266 and driving while an habitual offender in

violation of Code § 46.2-357.  On appeal, he contends that the trial court (1) erred by participating

in a plea agreement discussion in violation of Rule 3A:8(c) and (2) abused its discretion in failing to

immediately require a jury trial when appellant tendered an initial not guilty plea.  Because we find

that appellant's claims are procedurally defaulted under Rule 5A:18, we affirm the judgment of the

trial court.

I.

The facts underlying the charged offenses are not at issue in this appeal.  Rather, appellant

argues that the trial court erred in the manner in which it accepted his guilty plea.  The record

reflects that at no time during the extended plea colloquy, when the trial judge attempted to

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ascertain whether appellant was entering his plea knowingly and voluntarily or at any later time, did appellant object to the procedure employed.[1]  Counsel concedes that neither ground of appeal was raised in the trial court, nor does she argue a basis for us to apply the ends of justice exception to Rule 5A:18.

> Pursuant to Rule 5A:18, we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18.  The same argument must have been raised, with specificity, at trial before it can be considered on appeal.  See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978).  The purpose of this rule is to insure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.  See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004).

Finally, we decline to apply the "ends of justice" exception.  Appellant fails to develop this argument.  See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (declining to address a question not fully developed on brief).  Additionally, the record reflects no reason to apply the ends of justice exception to this case.

Therefore, we affirm the decision of the trial court.

Affirmed.

---

[1] During the initial plea colloquy, appellant stated that he wished to plead not guilty and waive a jury.  The Commonwealth demanded a jury, and the trial court stated the jury trial would begin as soon as appellant's second attorney, who was late, arrived.  When that counsel appeared and after further questioning, the trial court stated "I've got his not-guilty pleas and I've accepted them and I am ready to call the jury.  Do you want to take two minutes with him?"  Counsel then discussed the case with appellant who changed his plea to guilty obviating the request for a jury trial.