COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Beales and Senior Judge Fitzpatrick


RUTH V. CHAMBERLISS

                                                        MEMORANDUM OPINION*
v.      Record No. 2988-06-1                                 PER CURIAM
                                                            APRIL 10, 2007
MELVIN CHAMBERLISS, SR.


                    FROM THE CIRCUIT COURT OF SURRY COUNTY
                              Samuel E. Campbell, Judge

              (Wallace W. Brittle, Jr., on brief), for appellant.

              (H. Woodrow Crook, on brief), for appellee.


        Ruth V. Chamberliss, appellant, noted an appeal from the final decree of divorce entered by

the trial court.   On appeal, appellant contends the trial court erred in not including appellee Melvin

Chamberliss' Northrop Grumman pension in the parties' list of properties when classifying the

properties as separate or marital.[1]   Upon reviewing the record and briefs of the parties, we conclude

that appellant failed to preserve this issue for appeal.   Accordingly, we summarily affirm the

decision of the trial court.   Rule 5A:27.

        Appellant contends she preserved this issue, and cites to the trial court's August 17, 2006

opinion letter in support thereof.   Nothing contained in that letter indicates appellant's opposition

to the trial court's ruling.   Additionally, appellant's counsel endorsed the final decree, "Seen and

Objected To," without further elaboration.   Although counsel for a party may satisfy Rule 5A:18

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also presents this question:  "Can this case be heard by the Virginia Court of
Appeals with no transcript and no written statement of facts?"  For purposes of this opinion, we
will assume, but not decide, that the answer is "Yes."

by including an objection and reasons therefor in the trial court's final order, a mere statement in an order that it is "seen and objected to" is insufficient.  Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) (*en banc*).[2]  We "will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  See Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Therefore, we summarily affirm the decision of the trial court.  Rule 5A:27.

Affirmed.

---

[2] The record contains a motion to reconsider, filed by appellant with the trial court on November 21, 2006.  That motion addresses the issue appellant raises on appeal.  However, by letter from appellant's counsel, filed on January 10, 2007, appellant withdrew the motion.  Therefore, the record before us, *sans* the motion, contains no indication that appellant preserved the issue in the trial court.