COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McClanahan and Senior Judge Willis


LINDA MARTIN STOKES

v.      Record No. 2527-07-3

JAMES WILLIS STOKES, II
                                                        MEMORANDUM OPINION*
                                                             PER CURIAM
JAMES WILLIS STOKES, II                                      MAY 20, 2008

v.      Record No. 2528-07-3

LINDA MARTIN STOKES


                  FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                                  G. Carter Greer, Judge

                  (Monica Taylor Monday; Gentry Locke Rakes & Moore, LLP, on
                  briefs), for Linda Martin Stokes.

                  (Kimberly R. Belongia, on briefs), for James Willis Stokes, II.


        Linda Martin Stokes, wife, appeals from the circuit court's final decree of divorce entered

on September 19, 2007.  She argues on appeal that the trial court erred in:  (1) finding that the

parties' home on Country Club Lane was marital property; and (2) failing to include in the

marital estate two life insurance policies belonging to husband.

        James Willis Stokes, II, husband, cross-appeals, contending the trial court:  (1) erred in

refusing to grant him a divorce on the ground of cruelty, which would have precluded the award

of spousal support; (2) abused its discretion in failing to impute income to wife; and (3) abused

its discretion in awarding spousal support in an amount which exceeds his monthly income.

        _____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon reviewing the record and the briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The parties were married on August 25, 1972, and separated on or about October 2002. One child was born of the marriage, however, she reached the age of majority during the pendency of this action. On December 9, 2004, husband filed a bill of complaint seeking a divorce on the ground of living separate and apart for one year.

Wife filed a cross-bill on January 27, 2005, seeking a divorce on the ground of desertion and abandonment or, in the alternative, on the ground of living separate and apart for one year. Wife also requested spousal support.

Both parties asked the trial court to determine and equitably distribute their marital property.

The trial court heard evidence on February 21, 2007, and April 19, 2007. By opinion letter dated May 31, 2007, the trial court indicated it would grant husband a divorce *a vinculo matrimonii* based upon living separate and apart without cohabitation for one year. After reviewing "the extensive testimony and voluminous exhibits in this case," the trial court listed and valued approximately one hundred twenty pieces of personal property, three motor vehicles, and the 1105 Country Club Drive residence, all of which the trial court found was marital property. The trial court also included a list of items that were to be considered marital property, including money obtained by cashing savings bonds, proceeds from a closed IRA account, and money representing the net proceeds from the sale of real estate on Wagon Trail Road. As to the marital residence on 1105 Country Club Drive, the trial court ordered the parties to sell it and a time-share and divide the proceeds equally. The trial court awarded half of husband's pension to

- 2 -

wife. Finally, after considering the statutory factors, the trial court awarded wife spousal support of $3,000 per month until the sale of the marital home, then, $2,500 per month for four years, and then $2,000 per month for three years after that, after which spousal support will end. In addition, the trial court directed husband to maintain health coverage for wife.

On June 12, 2007, husband's attorney filed a draft order to reflect the trial court's rulings. The parties appeared before the trial court on September 19, 2007, at which time their counsel endorsed the decree of divorce under the phrase, "Seen and Objected to" without further specification.

On October 3, 2007, wife filed a motion to set aside the final decree and grant a rehearing. She set forth four bases for her motion: (1) she did not receive sufficient notice and was out of town at the time of the September 19, 2007 hearing; (2) her attorney, R. Reid Young, III, no longer represented her; (3) "[t]here is other information the Court did not get a chance to consider, which would impact this case"; and (4) "the ends of justice would best be served if . . . [the trial court] will set aside the decree and grant a rehearing on this case to allow your Defendant to be heard and to provide the Court with evidence and documentation concerning key issues in this case." Wife failed to allege any errors in the trial court's rulings or in the decree itself, and she did not describe the evidence and documentation she wanted to present and why such evidence was not presented during the several years that the case was pending.

By order dated October 4, 2007, the trial court denied wife's motion to set aside the final decree and grant a rehearing.

On October 10, 2007, wife filed another motion to set aside the decree and rehear evidence. In it, wife included eighteen numbered statements. In the first statement, wife asked the trial court "to take another look at the decision to sale [sic] the marital home, and use the majority of the equity to pay off credit card debt that the husband claims to be marital." In

statements two through fifteen, wife addressed the parties' debts, assets, and financial status, and in statement sixteen she reiterated that the equity in the marital home "not be used to repay credit card debt that she had no control over." Statements seventeen and eighteen are listed below:

> 17. The Defendant requests a ruling, on reinstating her and her daughter as the beneficiaries on the Plaintiff's life insurance policy at Virginia Mirror. Defendant was listed as the beneficiary for over twenty years, and believes that removing her and their daughter, and listing two other women, neither of whom is related, is unjust.
>
> 18. Defendant requests that she be made a permanent beneficiary of the New York Life Insurance Policy, the couple paid for with marital funds, so that she will know that the policy is kept up to date and the beneficiary on it will not be changed. Defendant also requests that the Plaintiff [husband] be ordered to prepay the $14,000 loan he took out on this policy, one week after purchasing his Jaguar convertible.

In conclusion, wife asked the trial court to "set aside the decree of September 19, 2007 and review the above mentioned issues."

The trial court denied the motion by order dated October 10, 2007.

WIFE'S ISSUES ON APPEAL

I. Wife argues "[b]ecause husband signed a written contract giving [her] his interest in the marital home, the trial court erred in finding that the home [on 1105 Country Club Drive] was marital property."

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. In the final decree, the trial court found the Country Club Drive home was marital property, and it did not address whether wife acquired the marital home under contract or as a gift. Moreover, wife's attorney signed the decree "Seen and Objected to," without specifying any objections relating to the findings regarding the marital home.

- 4 -

In her reply brief, wife attached page 11 from her memorandum filed in the trial court on February 20, 2007. We located that memorandum page on page 208 of the manuscript record, however, wife failed to include it in the joint appendix. On page 4 of that memorandum, wife referred to the residence at 1105 Country Club Drive as "[t]he marital home" that "is titled in both parties' names," and which both "parties have contributed equally to the maintenance of and improvements to their real estate." On page 11 of her memorandum, wife "recommend[ed]" that she "keep the marital home." She indicated she "has three agreements signed by [husband] that in the event they divorced, he would continue to make mortgage payments," after which, she would "be the sole owner." However, wife never argued, as she does on appeal, that the agreements were enforceable contracts under Code §§ 20-148 through -155.

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). The record demonstrated no miscarriage of justice. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

II. Wife also argues the trial court erred in failing to include husband's life insurance policies in the marital estate and failing to order him to make her the beneficiary on those policies. Wife waited until the twenty-first day after entry of the final decree to request a

rehearing so she could argue that the policies were marital property and husband should name her and her daughter as a beneficiary on each policy.  In its October 10, 2007 order, entered the same day wife filed her motion, the trial court denied the motion to set aside and rehear the evidence, but it did not explain the basis of its ruling.  Based on the record before us, we cannot say the trial court abused its discretion in refusing to set aside the decree and rehear evidence.  See Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994) (decision whether to grant rehearing is within court's sound discretion); Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986) (holding that after court has concluded evidentiary hearing, it is within its discretion to refuse to take further evidence).

HUSBAND'S ISSUES ON CROSS-APPEAL

I.  Husband contends the trial court erred in refusing to find that wife's misconduct barred her from receiving an award of spousal support.  Husband referenced page 42 of the joint appendix to indicate where he preserved this issue for appeal.  Page 42 is the last page of the final decree and contains the signatures of the parties' attorneys.  Husband's attorney signed under the following phrase:  "Seen and Objected to," without further elaboration.

Although counsel for a party may satisfy Rule 5A:18 by including an objection and reasons therefor in the trial court's final order, a mere statement in an order that it is "seen and objected to" is insufficient.  Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) (*en banc).*  We "will not consider an argument on appeal which was not presented to the trial court."  Ohree, 26 Va. App. at 308, 494 S.E.2d at 488; see Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

However, in his reply brief, husband asserts "there was an error that was 'clear, substantial and material,'" permitting the "ends of justice exception to apply, because the trial

court failed to follow the mandates of 20-107.1(E) in determining if [wife] was barred from receiving spousal support due to her cruelty to [husband]."

Husband filed a memorandum on February 20, 2007, regarding equitable distribution and the award of spousal support. In it, husband indicated he "will request . . . [t]hat the [trial] Court award him a divorce on the grounds of continuous separation for a period in excess of twelve months." In his memorandum, husband also analyzed in detail the factors in Code § 20-107.1(E) that bear upon the decision to award spousal support. He did not mention wife's fault in bringing about the dissolution of the marriage, and he recommended that she "be awarded a permanent award of spousal support for a fixed period of two years and in an amount which is reasonable under all of the circumstances."

In its May 31, 2007 opinion letter, the trial court granted husband a divorce based upon the ground he put forth in his bill of complaint, namely, having lived separate and apart without cohabitation and without interruption for one year pursuant to Code § 20-91(9). It also awarded wife spousal support, albeit for a period longer than husband requested.

"'No litigant . . . will be permitted to approbate and reprobate — to invite error . . . and then to take advantage of the situation created by his own wrong.'" Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)). Having requested that he be granted a divorce on the ground of living separate and apart and having recommended that wife receive permanent spousal support, husband cannot now assume inconsistent positions and argue the trial court erred in granting a no-fault divorce and in awarding spousal support to wife.

Moreover, after reviewing the record, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

II. and III.  In his second and third issues, husband argued that the trial court abused its discretion in failing to impute income to wife and in awarding wife monthly spousal support in an amount greater than the amount of income husband receives each month.

Husband referenced page 42 of the joint appendix to indicate where he preserved these issues for appeal.  Page 42 is the last page of the final decree and contains the endorsements of the parties' attorneys.  Husband's attorney signed under the following phrase:  "Seen and Objected to," without further elaboration.

Although counsel for a party may satisfy Rule 5A:18 by including an objection and reasons therefor in the trial court's final order, a mere statement in an order that it is "seen and objected to" is insufficient.  Lee, 12 Va. App. at 515-16, 404 S.E.2d at 738.  We "will not consider an argument on appeal which was not presented to the trial court."  Ohree, 26 Va. App. at 308, 494 S.E.2d at 488; see Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.[1]

Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

### WIFE'S REQUEST FOR ATTORNEY'S FEES ON APPEAL

Wife asks this Court to award her attorney's fees for defending the issues raised by husband in his cross-appeal.  Upon consideration of the entire record in this case, we hold that

---

[1] Although husband argued in his reply brief the ends of justice exception should apply to Issue I, he failed to make ends of justice arguments regarding the other two issues.

she is not entitled to attorney's fees for this appeal.  <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 479 S.E.2d 98 (1996).

For the reasons stated, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>