### Richmond

WALLACE HENRY LEE, JR.

v.

HELEN CORINE SPINNER LEE

No. 0496-89-3

Decided May 14, 1991

COUNSEL

Charles B. Phillips (Phillips, Doherty & Swanson, on brief), for appellant.

David D. Walker, for appellee.

## UPON REHEARING EN BANC

OPINION

MOON, J.—We granted an en banc hearing to Wallace Henry Lee, Jr., whose appeal was affirmed because a majority of the panel found that he had not complied with the provisions of Rule 5A:18.[1] Appellant concedes that the record fails to disclose that an objection with specific reasons therefor was made to any relevant ruling or finding of the trial court. Appellant contends that Rule 5A:18 is relevant only to evidentiary rulings and not to final orders or decrees. The trial court's order was drafted by appellant's counsel and endorsed under the phrase "Seen and Objected to." Thus, while he did object to the entry of the final order, he did not object to any specific ruling or state his "grounds therefor," as required by the rule.

The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention. One commentator has argued that it is unfair to reverse the trial court for an error which was not called to its attention in time for it to take corrective action. R. Martineau, *Modern Appellate Practice: Federal and State Civil Appeals* § 3.2 (1983). A perhaps more compelling reason for the rule is that it is unfair to the opposing party, who may have been able to offer an alternative to the objectionable ruling, but did not do so, believing there was no problem. *See Weidman v. Babcock*, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991); *cf. Hilton v. Fayen*, 196 Va. 860, 866, 86 S.E.2d 40, 43 (1955). Appellees may, thus, needlessly be burdened with a costly appeal and new trial. The rule also prevents building error into the record and promotes efficient judicial administration because it results in fewer new trials. *See Kercher's Adm'r v. Richmond, Fredericksburg & Potomac R.R.*, 150 Va. 108, 115, 142 S.E. 393, 395 (1928); *see also Reid v. Baumgardner*, 217 Va. 769, 773, 232 S.E.2d 778, 780 (1977).

Rule 5A:18 applies to all cases, both law and equity, including divorce. *See Smith v. Smith*, 4 Va. App. 148, 153, 354 S.E.2d

---

[1] No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

816, 819 (1987); *Zipf v. Zipf*, 8 Va. App. 387, 392, 382 S.E.2d 263, 265 (1989); *Taylor v. Taylor*, 203 Va. 1, 5, 121 S.E.2d 753, 756 (1961).

 Code § 8.01-384, in addressing the requisites for complying with the rule, provides:

> Formal exceptions to rulings . . . [are] unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court take or his objections to the action of the court and his grounds therefor.

Thus, neither the Code nor Rules of Court mandate a specific procedure to preserve for appeal an issue objected to in the trial court. A simple statement that embodies the objection and reason therefor suffices. However, neither the Code nor Rule 5A:18 is complied with merely by objecting generally to an order. Since the rule provides that "[a] mere statement that the judgment or award is contrary to the law and the evidence is not sufficient," it follows that a statement that an order is "seen and objected to" must also be insufficient. Furthermore, both the Code and Rule 5A:18, by their terms, are not limited to evidentiary rulings or other rulings relating to incidents of the trial. The Code is applicable to any "rulings or order of the court." Rule 5A:18 includes the phrase that "[a] mere statement that the *judgment* or *award* is contrary to the law and the evidence is not sufficient." Both provisions negate appellant's contention that Rule 5A:18 is applicable only to evidentiary and similar rulings and not legal decisions and findings. The myriad of cases interpreting Rule 5:25, Rule 5A:18's counterpart for the Supreme Court, also belies that contention.

 Counsel may meet the mandates of Rule 5A:18 in many ways. For instance, counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument. *See Campbell v. Commonwealth*, 12 Va. App. 476, 478, 405 S.E.2d 1, 2-3 (1991); *Lewis v. Commonwealth*, 8 Va. App. 574, 581, 383 S.E.2d 736, 741 (1989). Counsel may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. *See McGee v. Commonwealth*, 4 Va. App. 317, 321-22, 357 S.E.2d 738, 740 (1987); *Weidman*, 241 Va. at 44,

400 S.E.2d at 166-67. Likewise, counsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge. *See State Highway Comm'r v. Easley*, 215 Va. 197, 207 S.E.2d 870 (1974). Recently, in *Weidman v. Babcock*, the Supreme Court, finding an objection sufficient, stated:

> In [this] case, however, we do not have a bare failure to object to the court's ruling from the bench followed by endorsement of the final order merely as "Seen." Instead, plaintiffs' counsel during the January 16 hearing on the motion to dismiss repeatedly made known to the court his position. Typical of counsel's argument was the following statement: "There was no express waiver of my clients' rights to prosecute an action for a breach of fiduciary duty against their former attorney." Then, during the 21-day period under Rule 1:1 within which the trial court retained jurisdiction over the final order, the plaintiffs filed a motion for rehearing and a nine-page memorandum contending that the plaintiffs' claims were not barred by the doctrine of waiver. Additionally, counsel for the plaintiffs endorsed the order denying the motion for reconsideration entered on February 16, within 21 days of the February 7 final order, as "SEEN: and *all* Exceptions noted."

241 Va. at 44, 400 S.E.2d at 167.

■ Here, we have the original bill of complaint, answer and cross-bill, a transcript of the evidence containing some discussion but not touching issues raised on appeal, and an order which appellant endorsed under the phrase "Seen and objected· to." The parties chose not to make a part of the record their closing arguments or any other communication with the court. Therefore, this record, unlike that in *Weidman*, fails to establish that the issues appealed by appellant were raised in the trial court by an objection with a statement of the reasons therefor. We cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal. *Turner v. Commonwealth*, 2 Va. App. 96, 98, 341 S.E.2d 400, 401-02 (1986). Even assuming that the same issues were raised at trial as on appeal, we do not know if counsel stated

legal reasons to support his theory or merely argued the weight of the evidence. *See Campbell v. Commonwealth*, 12 Va. App. at 480, 405 S.E.2d at 2. In this record, the only objection that appears to have been raised during the trial was to the suggestion that appellant pay the wife attorney's fees, an issue not raised on appeal.

The exception contained in Rule 5A:18 allows the court to consider a question not raised in the trial court "for good cause shown or to enable the Court of Appeals to attain the ends of justice." We have examined the issues raised herein and find that neither "good cause" nor "the ends of justice" require consideration of the issues. *See Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Baker, J., Cole, J.,* Duff, J., and Willis, J., concurred.

Koontz, C.J., with whom Benton, J., and Coleman, J., join.

I respectfully dissent from the majority's decision that Rule 5A:18 bars our merit review of the issues presented in this appeal.

Pursuant to the initial pleadings in this divorce case, the trial court was called upon to apply the provisions of Code § 20-107.3 to the evidence produced by the parties. Specifically, the trial court was called upon to classify the assets of the parties as marital or separate property, to determine the rights and equities of the parties in the marital property, and to determine what would be an "equitable" award if one was appropriate. The parties agreed upon a procedure whereby they identified four items of property which were in dispute as to classification or value, and each party alternately presented evidence in support of his or her position as to each item of property. The admissibility of that evidence was not disputed. No objections were made. The court classified and valued the properties, determined the rights of the parties, made an award, and gave its reasons for those determinations. These findings were incorporated into a final de-

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.

cree to which appellant noted his objection. Pursuant to Code § 17-116.05(3), appellant appealed that decision as a matter of right. We were presented with a record which contains the pleadings, the evidence, the trial court's determinations, and its reasons for those determinations, all clearly outlined within the provisions of Code § 20-107.3. The appellee has not asserted that Rule 5A:18 bars our merit review of the issues in this appeal. Rather, the majority of the panel, and now the majority of the court, *sua sponte* assert procedural bar.

We have had numerous occasions in various procedural contexts to recite the general principles explaining the purposes of Rule 5A:18. I do not now disagree with the majority's recital of these. "The purpose of this rule is self-evident. Any potential error should be brought to the trial court's attention so that the court may consider the issue and take corrective action to avoid unnecessary appeals, reversals and mistrials." *Wolfe v. Commonwealth*, 6 Va. App. 640, 642, 371 S.E.2d 314, 315 (1988). Similarly, as the majority correctly observes, "[t]he purpose of the rule is to avoid costly appeals and promote efficient judicial administration by allowing the trial judge to correct, in the trial court, those errors called to his attention." The purpose of this rule as stated should guide its application in a particular case. This should not be a complicated matter. The notion is that the trial court should be given the first opportunity to correct an error before the appellate court will consider the alleged error on appeal. The trial court simply cannot correct an error unless it has an opportunity to do so by having the issue brought to its attention during the trial or while the court has jurisdiction over the case. As the majority notes, all that is required to satisfy the requirement of the rule is that "at the time the ruling or order of the court is . . . sought, [a party] makes known to the court the action he desires the court take . . . and his grounds therefor." Code § 8.01-384. Based on the pleadings, the procedure adopted for identifying and presenting evidence as to classification and value of the property in dispute afforded the trial court "an opportunity to rule intelligently on the issues presented." *Weidman v. Babcock*, 241 Va. 40, 44, 400 S.E.2d 164, 166 (1991). Neither party contended otherwise.

The majority reads *Weidman* too expansively. In *Weidman*, the Court reaffirmed the rule that "a party's failure to object to a final order by merely endorsing it as 'Seen,' without more, is not

sufficient to preserve the party's right to appeal." *Id.* at 44, 400 S.E.2d at 166. Although the Court stated that "counsel during the . . . hearing on the motion to dismiss repeatedly had made known to the court his position," the Court observed that "[a]dditionally, counsel . . . endorsed the order denying the motion for reconsideration . . . as 'SEEN: and *all* exceptions noted.' " *Id.* (emphasis in original). Significantly, the Court noted that formal exceptions to rulings are no longer necessary. The reference to the exceptions had significance because it denoted that counsel did not merely acquiesce in the ruling of the trial court. There, as here, "we do not have a bare failure to object to the court's ruling from the bench followed by endorsement of the final order merely as "SEEN." *Id. Weidman* does not construct a hardfast procedural requirement for preserving issues for appeal. The clear import of the case is that issues are properly preserved where an opposing party is afforded an opportunity to address or meet the other party's position, the trial judge has decided the issue presented, and the final order is not endorsed so as to convey acquiescence in the judgment. When this has been done, as it has in this instance, the issue is ripe for this Court's consideration. *Cf. Campbell v. Commonwealth*, 12 Va. App. 476, 405 S.E.2d 1 (1991).

My disagreement with the majority's decision lies in the application of Rule 5A:18 in the procedural context of this appeal. Here, we are not concerned with "rulings" by the trial court regarding its interpretation of Code § 20-107.3, its determination of the admissibility of the evidence, or other trial rulings. We are not concerned with trial errors which appellant desired the court to correct. Rather, we are concerned only with the trial court's final decision on the ultimate issues in the case. The issues were joined by the parties in their pleadings and the trial court was necessarily aware of them. Thus, in the context of the application of Rule 5A:18 there was no "error" which could be called to the court's attention. Moreover, the trial court did not need an opportunity to correct an error. The trial court either had correctly classified and valued the property of the parties and made an "equitable" award or it had not. The trial court was aware that these were the controverted issues it was to determine and the court made its decision upon the conflicting evidence presented. Because of appellant's objection to the final order, the court was equally aware that he disagreed with the court's resolution of these issues.

The majority acknowledges that "there is no litany that counsel must recite to preserve for appeal an issue objected to in the trial court." I agree. But I do not believe that the purpose of Rule 5A:18 is furthered by requiring a litigant to restate the obvious to the trial judge or by requiring a party after an adverse final decision to restate his position or arguments in support of his case. It is obvious that appellant objected to the trial court's final decision on the grounds that the court had not properly classified and valued the parties' property and had not made an "equitable" award based on the factors in Code § 20-107.3(E). These were the very issues upon which all the evidence was presented and which were before the court. It strains reason and common practice to expect the trial court to essentially re-open and reconsider its final decision in the case. In short, the case was concluded and appellant's remedy was to appeal. A litigant who has submitted all issues to a court for consideration is not required to request that the court reconsider its decision simply to preserve the right to appeal the ruling. While the practice may arguably have some merit, it is unnecessary when it is apparent that the court has fully considered all the issues. Moreover, such a practice does not further the purposes of Rule 5A:18.

Where, as here, the purpose of Rule 5A:18 is satisfied we should not impose a mechanical application of the rule which defeats the legislative intent expressed in Code § 17-116.05(3) to provide a merit's review of divorce cases as a matter of right. This decision places form over substance. The issues before the trial court were clear. The trial court had an opportunity to avoid any "error" on the issues before it. A restatement of the appellant's position would not have increased the opportunity for the trial court to have considered the issue or facilitated efficient judicial administration. In fact, in my view, this decision departs from established practice and will impose a cumbersome and unnecessary burden upon counsel and trial courts by, in effect, judicially reinstituting the requirement of a bill of exceptions. Accordingly, we should review the trial court's final decision on the merits.