COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


JOHN BUTLER, JR.

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1545-99-1     JUDGE JEAN HARRISON CLEMENTS
                                       OCTOBER 17, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                   Wilford Taylor, Jr., Judge

          Robert B. Wilson, V (McDermott & Roe, on
          brief), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     John Butler, Jr., was convicted in a bench trial of robbery

in violation of Code § 18.2-58 and use of a firearm while in the

commission of a felony in violation of Code § 18.2-53.1.  By

sentencing orders of June 28, 1999, the trial court sentenced

him to serve 17 years, with 15 years suspended, for the robbery

conviction and 3 years for the firearm conviction.  On appeal, he

contends the evidence was not sufficient to sustain the

convictions.  Finding appellate review procedurally barred, we

affirm the convictions.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts necessary to a disposition of this appeal.

Butler contends that the trial court erred in convicting him because the "trial court did not believe Percy Mayo," the victim and principal witness, and that without Mayo's testimony there was not sufficient evidence from the Commonwealth's other witnesses--Mayo's mother and Detective Gillis--to convict him. Butler relies exclusively on the trial judge's comments at the appeal bond hearing on July 13, 1999, as the basis for his assertion that the trial court found Mayo's testimony to be incredible. At that hearing, the trial judge, in allowing Butler's release on supervised probation pending appeal, stated:

> Well, I will say this case I do remember very clearly, and while the victim, one victim's credibility was effectively challenged, I relied more on the mother of that victim. She was an elderly lady that really had to watch all of this, and I just felt she shouldn't have had to do that. As I remember correctly, Mr. Butler did apologize to her.
>
> You know, it was a very, very serious charge, what I considered -- I think I did come out on the low end of the guidelines because of the nature of the principal witness's background. You know, I guess we encourage second opinions.
>
> What I'm going to do, I'm going to reluctantly grant your request . . . in that because it's -- I don't normally do this in

> these serious crimes of violence, but I do remember these facts very clearly.

Butler argues that this statement by the trial judge indicates that the trial court found as a matter of fact that Mayo was not a credible witness and that his mother was. Thus, at best, according to Butler, the court believed only that portion of Mayo's testimony corroborated by his mother. As she failed to testify to all of the required elements of robbery and use of a firearm in the commission of a felony, Butler could not have been properly convicted of those offenses based on her testimony. Nor did the testimony of Detective Gillis do more than corroborate the fact that a fight took place. It did not establish the crimes at issue here.

The Commonwealth contends that Butler's argument here, concerning the trial judge's comments at the appeal bond hearing, was not properly preserved for appeal in accordance with Rule 5A:18. We agree.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Rule 5A:18. The purpose of this rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. See Lee v. Lee, 12 Va.

App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Here, Butler's sole argument on appeal rests entirely on his interpretation of the trial judge's remarks at the appeal bond hearing regarding the credibility of Mayo and his mother. While Butler touched briefly on the issue of Mayo's credibility in his motion to strike at trial, he never presented to the trial court the specific argument he now asks us to consider for the first time on appeal. He neither made the argument at the appeal bond hearing following the trial judge's comments nor made any subsequent motions asserting it. Therefore, because it was not raised in the trial court, appellant's argument on appeal is procedurally barred by Rule 5A:18. Furthermore, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18. Accordingly, we affirm appellant's convictions.

Affirmed.