Tuesday          15th

May, 2001.


Jeffery Andrew Crawford, s/k/a
 Jeffrey Crawford,                                        Appellant,

 against        Record No. 0683-99-1
                Circuit Court Nos. CR97-378 through CR97-381

Commonwealth of Virginia,                                Appellee.


Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Willis,
 Elder, Bray, Annunziata, Bumgardner, Frank, Humphreys, Clements and
Agee

Jonathan W. Gatewood for appellant.

Kathleen B. Martin, Assistant Attorney General
(Mark L. Earley, Attorney General; H. Elizabeth
Shaffer, Assistant Attorney General, on brief),
for appellee.


On September 19, 2000, a divided panel of this Court reversed the appellant's convictions.  Crawford v. Commonwealth, 33 Va. App. 431, 534 S.E.2d 332 (2000).  We granted the Commonwealth's petition for rehearing en banc.

Upon rehearing en banc, the judgment of the trial court is affirmed on the ground that the appellant did not raise in the trial court the basis for the objection he argues on appeal.  Rule 5A:18; McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc).  At trial, the appellant conceded the proposed DNA instruction was an accurate statement of the law, but objected on the

ground that it instructed the jury on the "propriety" of the DNA evidence as a matter of law. He did not proffer an alternative instruction, did not offer any alternative language, and did not specify his objection. On appeal, the appellant argues the instruction was improper because it unduly emphasized the DNA evidence, contained permissive language, and required the jury to make a distinction they were unqualified to make. Accordingly, the opinion previously rendered by a panel of this Court on September 19, 2000 is withdrawn and the mandate entered on that date is vacated. The appellant shall pay to the Commonwealth of Virginia thirty dollars damages.

Chief Judge Fitzpatrick concurs in the result but finds the issue properly preserved and would affirm for the reasons stated in the panel dissent.

Judge Benton, with whom Judge Elder joins, dissents:

At no stage of this appeal has the Commonwealth argued on brief that the issue raised by appellant is procedurally defaulted under Rule 5A:18. Indeed, the record reflects that the following colloquy occurred at trial when the prosecutor offered the challenged instruction:

> [PROSECUTOR]: Your Honor, I pulled it out of the Code section, which is there for you to review. I think it's an accurate statement of law and I think the trier of fact is entitled to know what that law is.
>
> [DEFENSE ATTORNEY]: Well, it may be an accurate statement of law, sir, but the reason we're

-2-

objecting to this instruction entitled, "DNA testing is deemed to be a reliable scientific technique," is that some of these people in the jury may have a question about the propriety of the DNA evidence, Judge. And for them to receive an instruction read to them by the Court, I think essentially tells them that they have to cast aside any questions that they might have about it.

THE COURT: That's not the way I read it.

[DEFENSE ATTORNEY]: Well, Judge --

THE COURT: I will grant it. . . .

On appeal, Crawford presents the question, "Whether the jury instruction regarding DNA was improper." In support of that issue, Crawford asserts a variety of reasons why the instruction was improper. However, Crawford's argument on brief includes the following:

The jury instruction in question compelled a particular finding and unduly emphasized a particular area of evidence. Such an instruction tended to allow the court to persuade, as well as, mislead the jury. The instruction allowed the Court to place its judicial stamp on particular evidence. This effectively prevented the jury from questioning such evidence and prejudiced the defendant.

I would hold that Rule 5A:18 does not bar us from considering on the merits the issue raised by this appeal. The contemporaneous objection rule is designed to allow the trial judge to correct any error that is called to his or her attention in order to ensure fairness to both parties and to promote judicial efficiency. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737

-3-

(1991). In this case, Crawford's objection clearly fulfilled this purpose by bringing to the judge's attention "the propriety of the DNA evidence" in this case. The jury had the option of disbelieving this particular evidence even though Code § 19.2-270.5 states that DNA testing in general is reliable. The statute also specifically allows other evidence of identity and evidence challenging the particular use of DNA evidence in a given trial. Id. Crawford had the right to question the wording of the instruction and object that the instruction sounded like a judicial endorsement of the Commonwealth's evidence at the expense of any other evidence. He brought those concerns to the attention of the trial judge and makes the same argument on appeal. Thus, the trial judge had the opportunity to rule on this issue, and we may consider it on appeal without being unfair to the Commonwealth.

For the reasons fully addressed by the panel majority, see Crawford v. Commonwealth, 33 Va. App. 431, 534 S.E.2d 332 (2000), I would reverse the convictions and remand for a new trial.

It is ordered that the trial court allow counsel for the appellant a total fee of $925 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the

fees and costs to be assessed by the clerk of this Court and the clerk of the trial court.

This order shall be published and certified to the trial court.

Costs due the Commonwealth
 by appellant in Court of
 Appeals of Virginia:

    Attorney's fee    $925.00   plus costs and expenses


                              A Copy,

                                   Teste:

                                        Cynthia L. McCoy, Clerk

                                   By:

                                   Deputy Clerk