*440 BENTON, Judge,
with whom Judge ELDER joins, dissents:
At no stage of this appeal has the Commonwealth argued on brief that the issue raised by appellant is procedurally defaulted under Rule 5A:18. Indeed, the record reflects that the following colloquy occurred at trial when the prosecutor offered the challenged instruction:
[PROSECUTOR]: Your Honor, I pulled it out of the Code section, which is there for you to review. I think it’s an accurate statement of law and I think the trier of fact is entitled to know what that law is.
[DEFENSE ATTORNEY]: Well, it may be an accurate statement of law, sir, but the reason we’re objecting to this instruction entitled, “DNA testing is deemed to be a reliable scientific technique,” is that some of these people in the jury may have a question about the propriety of the DNA evidence, Judge. And for them to receive an instruction read to them by the Court, I think essentially tells them that they have to cast aside any questions that they might have about it.
THE COURT: That’s not the way I read it.
[DEFENSE ATTORNEY]: Well, Judge—
THE COURT: I will grant it....
On appeal, Crawford presents the question, “Whether the jury instruction regarding DNA was improper.” In support of that issue, Crawford asserts a variety of reasons why the instruction was improper. However, Crawford’s argument on brief includes the following:
The jury instruction in question compelled a particular finding and unduly emphasized a particular area of evidence. Such an instruction tended to allow the court to persuade, as well as, mislead the jury. The instruction allowed the Court to place its judicial stamp on particular evidence. This effectively prevented the jury from questioning such evidence and prejudiced the defendant.
*441 I would hold that Rule 5A:18 does not bar us from considering on the merits the issue raised by this appeal. The contemporaneous objection rule is designed to allow the trial judge to correct any error that is called to his or her attention in order to ensure fairness to both parties and to promote judicial efficiency. Lee v. Lee, 12 Va.App. 512, 514, 404 S.E.2d 736, 737 (1991). In this case, Crawford’s objection clearly fulfilled this purpose by bringing to the judge’s attention “the propriety of the DNA evidence” in this case. The jury had the option of disbelieving this particular evidence even though Code § 19.2-270.5 states that DNA testing in general is reliable. The statute also specifically allows other evidence of identity and evidence challenging the particular use of DNA evidence in a given trial. Id. Crawford had the right to question the wording of the instruction and object that the instruction sounded like a judicial endorsement of the Commonwealth’s evidence at the expense of any other evidence. He brought those concerns to the attention of the trial judge and makes the same argument on appeal. Thus, the trial judge had the opportunity to rule on this issue, and we may consider it on appeal without being unfair to the Commonwealth.
For the reasons fully addressed by the panel majority, see Crawford v. Commonwealth, 33 Va.App. 431, 534 S.E.2d 332 (2000), I would reverse the convictions and remand for a new trial.
It is ordered that the trial court allow counsel for the appellant a total fee of $925 for services rendered the appellant on this appeal, in addition to counsel’s costs and necessary direct out-of-pocket expenses.
The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel’s costs and necessary direct out-of-pocket expenses, and the fees and costs to be assessed by the clerk of this Court and the clerk of the trial court.
This order shall be published and certified to the trial court.
*442 Costs due the Commonwealth by appellant in Court of Appeals of Virginia: Attorney’s fee $925.00 plus costs and expenses