COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


RONALD P. DICK

MEMORANDUM OPINION[**]

v.    Record No. 0966-01-2                    PER CURIAM
                                            OCTOBER 30, 2001

JEAN A. DICK


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John Richard Alderman, Judge

(Fredrick S. Kaufman; Nachman & Kaufman,
L.L.P., on brief), for appellant.

(John H. Goots; Chenault & Witmeyer, PLC, on
brief), for appellee.


Ronald Dick contends the trial judge erred in:  (1) finding his minor child's need for private military education a material change of circumstances; and (2) failing to reduce to writing the deviation from the presumptive guidelines amount.  Upon reviewing the record and briefs of the parties, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

On May 24, 1994, the trial judge entered an order requiring father to pay $100 per month in child support for the parties'

---

[*] Retired Judge Charles H. Duff took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

son.  Justin was born on July 3, 1988.  On June 2, 2000, Jean Dick, the mother, filed a motion to increase child support based on a material change of circumstances.  A written statement of facts recites the evidence educed at a hearing on mother's motion.

The evidence proved that the father has an annual salary of $36,000 to $37,000 per year, and he receives military disability of $188 per month.  The mother earns between $94,000 and $95,000 annually.

The mother testified that she had experienced several problems with their son during the 1997-98 school year, when he was in the fourth grade.  He exhibited an uncaring attitude; he had stolen money from her purse to buy firecrackers; he had problems arguing with children in the neighborhood; and he received grades that were not consistent with his intellectual ability.  The evidence established that the son's grades greatly improved while he was "under strict supervisory status at school and receiving one-on-one teaching"; however, the school could not offer that type of individualized structure "on a regular basis."  His teachers, counselor and mother made a "joint decision" to look into private schooling.  The mother said that although she advised the father numerous times about their son's problems and the need for private school, the father disagreed for financial reasons.  She also testified that the son was

-

doing well at the military academy he now attends.  He made "A's and B's in every subject" and "had an excellent conduct rating."

The father testified that he was aware that his son had been attending military school.  He testified, however, that he was not aware of any problems his son was having at school and he had no input in the decision to enroll him in a military school.  The father admitted that his son's public school performance had declined.  He also indicated that his son advised him that he was doing well at military school.  The statement of facts indicates the trial judge ruled, in part, as follows:

> After hearing the evidence and reviewing the factors enumerated in Solmond [sic] v. Ball, 22 Va. App. 385 (1996), specifically, that the school could not provide the one-on-one assistance that the child needed; the child's special emotional needs; and each parents [sic] ability to pay, the Court found that based upon the parties [sic] current income the [father] would owe a duty of child support in the amount of $210.00.  However, the Court further found that a deviation was appropriate in this instance and that [father] would be responsible for 27% of the child's tuition, that being in the amount [of] $360.00.  The Court ordered a total award of monthly support in the amount of $570.00.

The statement of facts also recites that the trial judge recalled that "[n]o objections were noted by either party."  The father's attorney signed the final order underneath the word "SEEN."  No objections were noted or specified.

-

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Rule 5A:18.  The purpose of this rule is to ensure that the trial judge and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.  See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991). The record does not indicate that the father raised any of the present arguments in the trial court.  He signed the order "seen," without noting an objection.  His arguments are therefore procedurally barred on appeal by Rule 5A:18.

Moreover, the evidence proved the child was having problems in public school that could be and were solved through private schooling.  The record also indicates that the trial judge considered the factors in Solomond v. Ball, 22 Va. App. 385, 391, 470 S.E.2d 157, 160 (1996).  Therefore, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  Accordingly, we summarily affirm the order.

Affirmed.

-