COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, McClanahan and Senior Judge Willis


CAROL LYNN RADER

v.       Record No. 0850-08-2

GOOCHLAND COUNTY DEPARTMENT
  OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 7, 2008


FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
Timothy K. Sanner, Judge

(Steven T. Billy; Stout, Billy & Seli, P.C., on brief), for appellant.

(Deborah S. Tinsley; Virginia Millikin, Guardian *ad litem* for the
infant child, on brief), for appellee.


Carol Lynn Rader (mother) appeals the trial court's approval of a permanent foster care

plan for her minor child. On appeal, mother asserts that the court erred in (1) approving a

permanent foster care plan for her daughter, and (2) refusing to grant specific visitation to

mother. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence established that the child lived with her father's ex-girlfriend from February 2004 until October 2006, when she entered the custody of Goochland County Department of Social Services (GDSS). Father was incarcerated for sexual abuse against the child and another girl. Mother was determined unfit to have custody of the child.[1]

In 2006, father's ex-girlfriend developed serious medical problems, which affected her ability to care for the child. The child's current foster parents helped the father's ex-girlfriend with the child, and the child's foster mother taught at the child's school. GDSS obtained custody of the child under an emergency removal order on October 12, 2006, and placed the child with her current foster parents, where the child has remained throughout this litigation. The social worker, the CASA worker, the child's counselor, her teachers, and the foster care parents report that the child has improved since living with the foster care parents. According to the CASA reports, the child has done well in school, and she has participated in school and extra-curricular activities. The social worker testified that it would be in the child's best interests to remain with her foster care parents.

Mother did not appear at the preliminary removal hearing on October 19, 2006 in Goochland County Juvenile and Domestic Relations District Court (Goochland JDR court), nor did she appear at the adjudicatory hearing on November 9, 2006. On December 14, 2006, that court entered a dispositional order, and established a goal of return home. Mother was not present at the hearing. Mother was expected to complete a substance abuse evaluation and comply with all treatment recommendations, provide GDSS with an employment and housing history, complete individual counseling until released by the therapist, remain sober and comply

---

[1] On May 26, 2004, the Henrico County Juvenile and Domestic Relations District Court entered an order granting custody of the child to father's ex-girlfriend and determined that mother was "not fit for custody."

- 2 -

with random drug and alcohol screens, sign releases of information, and maintain weekly contact with GDSS.

On February 2, 2007, GDSS arranged a visit between the child and mother. Mother appeared to be more focused on her interests than the child's interests, but the child was unaffected by the visit.

On June 7, 2007, the Goochland JDR court reviewed the foster care plan. Mother had not done anything that was expected of her, except that she maintained contact with GDSS and provided an employment and housing history. This was the only hearing at which mother appeared. GDSS arranged another meeting between the child and mother after court, but mother cancelled the visit because she said that she was too upset to attend.

On October 1, 2007, GDSS filed a petition to change the goal to permanent foster care. On November 1, 2007, the Goochland JDR court approved a foster care plan of permanent foster care. The plan stated that the child would be placed permanently with her foster care parents. Adoption was not a reasonable alternative because of the foster care parents' financial situation and their inability to afford private health insurance for the child. If the child remained in GDSS's custody, she could continue to receive Medicaid. Mother was no longer in contact with GDSS on a regular basis and did not appear at the hearing. GDSS stated that it would not facilitate visitation between mother and child, unless specified by the court or if later determined to be in the child's best interests. Mother's counsel appealed the ruling to Goochland Circuit Court.

On March 4, 2008, the Goochland County Circuit Court heard the matter. Mother did not appear at the hearing. Mother's counsel argued that mother objected to permanent foster care and thought that adoption would be a better goal for the child. The trial court rejected mother's argument and approved the foster care plan of permanent foster care because adoption was not a

reasonable alternative for the child.  Mother was granted reasonable visitation at the discretion of GDSS and the foster parents.  Mother timely filed her appeal.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

"When addressing matters concerning a child, . . . the paramount consideration of a trial court is the child's best interests."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

### Approval of the permanent foster care plan

Mother argues that permanent foster care is not in the child's best interests.  Mother further argues that adoption was the best alternative for the child in order to provide her stability and permanency.

Permanent foster care "is not a less drastic form" than adoption, "but rather is a different and distinct alternative."  Martin, 3 Va. App. at 23, 348 S.E.2d at 17.  Permanent foster care "is intended to provide a more permanent placement for a child in a particular foster home than is generally obtained in regular foster care."  Id.  "The intended result is stability for the child and the foster parents know the nature and scope of their authority and responsibility."  Id.  In a permanent foster care situation, legal custody of the child remains with the department of social services, but physical custody remains with the foster care parents, who also have the authority to give parental consent.  See Code § 63.2-908.

> A court shall not order that a child be placed in permanent foster care unless it finds that (i) diligent efforts have been made by the local department to place the child with his natural parents and such efforts have been unsuccessful, and (ii) diligent efforts have been made by the local department to place the child for adoption and such efforts have been unsuccessful or adoption is not a

- 4 -

> reasonable alternative for a long-term placement for the child under the circumstances.

Code § 63.2-908(B).[2] See also Stanley v. Fairfax County Dep't of Social Services, 10 Va. App. 596, 605-06, 395 S.E.2d 199, 204 (1990) (holding that "the court can only consider permanent foster care after it has determined that adoption, upon termination of residual parental rights, is not an alternative in a given case").

In this case, GDSS discussed adoption with the foster care parents, and adoption was going to be the goal until the foster care father became ill. His illness affected the family's finances and ability to obtain private health insurance for the child. By remaining in permanent foster care, the child could remain with her foster care parents and still receive Medicaid and other state benefits. If the goal were changed to adoption, then the child would not be able to remain with her foster care family. On this basis, the trial court determined that adoption was not in the child's best interests and not a reasonable alternative for long-term placement. The child was thriving with her foster care parents, and considered their house her home.

Contrary to mother's argument, permanent foster care provides stability and permanency to the child. Mother contends that the foster care parents could simply return the child to GDSS if necessary. However, the foster care parents would have to petition the court to make any changes to the foster care plan.

The evidence supports the trial court's approval of the permanent foster care plan for this child.

---

[2] Mother does not argue on appeal that the department did not make diligent efforts to place the child with her.

<u>Visitation with the mother</u>

Mother argues that the trial court erred in not establishing a specific visitation schedule between her and the child.[3]

Since the child entered foster care in October 2006, mother visited with the child one time. GDSS initiated and arranged for the visit in February 2007. During the visit, mother focused the conversation on her interests, as opposed to the child's interests. Another visit was scheduled for June 2007, but mother canceled it. No further visitations occurred between mother and the child.

The trial court ruled that visitation would be at the discretion of GDSS and the foster care parents because mother did not complete the drug treatment recommendations of GDSS, she missed visitations, and she did not appear for court. Mother argues that this ruling effectively terminates visitation because GDSS had stated previously that it would not facilitate visitation unless ordered by the court. We disagree with the mother. She can request visitation from GDSS or the foster care parents, and they shall have the discretion to determine whether the visitation is in the child's best interests. If there is a material change of circumstances, mother may petition the court for review.

The trial court did not err by refusing to adopt a specific visitation schedule.

CONCLUSION

The evidence supports the trial court's approval of the permanent foster care plan and ruling regarding mother's visitation.

<u>Affirmed.</u>

---

[3] GDSS argues that mother did not preserve this issue for appeal. No transcript was filed. According to the written statement of facts, mother's counsel argued for visitation during closing argument. Counsel may preserve an issue for Rule 5A:18 by making the argument in closing. <u>Lee v. Lee</u>, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991).