COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


SEVIM McSHANE

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0066-09-4                        PER CURIAM
                                                    JUNE 23, 2009
RAYMOND GERARD McSHANE


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                            William D. Hamblen, Judge

                (David L. Duff; Adam T. Kronfeld; The Duff Law Firm, on briefs),
                for appellant.

                (Harris W. Leiner; Lucy P. Homiller; Batzli, Wood & Stiles, P.C., on
                brief), for appellee.


        Sevim McShane (wife) appeals the spousal support ruling in the final decree.  Wife argues

that the trial court erred in not entering written findings and conclusions identifying the factors

which supported the granting of spousal support, and the nature, amount, and duration of the award.

Upon reviewing the record and briefs of the parties, we find that wife did not preserve her

arguments for appeal.  Rule 5A:18.  Therefore, the trial court's ruling is summarily affirmed.  Rule

5A:27.

        On October 29, 2008, the parties appeared before the circuit court for a final hearing on the

outstanding issues of their divorce.  The trial court ruled from the bench that wife should receive

nine years of spousal support, payable at $2,100 per month for the first three years and $1,500 per

month for the next six years.  The trial court explained its rulings and how it arrived at the award

based on the statutory factors in Code § 20-107.1(E).  On December 8, 2008, a final decree was

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entered and stated that the spousal support award was based "[u]pon consideration of the factors of Virginia 20-107.1(E)." Wife did not sign the final decree, nor did she object that the final decree failed to include the judge's written findings pursuant to Code § 20-107.1(F). Wife subsequently filed a motion for reconsideration and rehearing, but failed to note her objection that the final decree did not include the trial court's written findings of the statutory factors to support the spousal support award.

Therefore, wife did not preserve her argument that the trial court erred in not providing written findings of the statutory factors that supported its spousal support award. See Rule 5A:18. Rule 5A:18 states that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

Therefore, we will not consider wife's question presented, and the trial court's decision is summarily affirmed.

Affirmed.