COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Alston and Senior Judge Willis

NARINDER SINGH

v.      Record No. 1395-12-4

BABITA RANI

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 26, 2012

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

(Robert L. Tomlinson, II, on brief), for appellant.  Appellant
submitting on brief.

No brief for appellee.

Narinder Singh appeals a child support modification order.  Singh argues that the trial court

erred by not applying the presumptive child support guidelines and making no findings as to why

the presumptive amount would be unjust or inappropriate as is required by statute.  Upon reviewing

the record and opening brief, we conclude that this appeal is without merit.  Accordingly, we

affirm the decision of the trial court.

BACKGROUND

On April 8, 2004, the trial court entered a final decree of divorce for Singh and Babita

Rani.  The final decree stated that Singh would pay Rani $600 per month for child support for

their three minor children.

In 2012, Singh filed a motion to reduce child support because one of the parties' three

children reached the age of majority.  Rani subsequently filed a motion to increase child support

because of a reduction in her income.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On July 9, 2012, the parties appeared before the trial court and presented evidence of their income.  Pursuant to Code § 20-108.2, the presumptive amount of child support was $277 per month.  After hearing evidence and argument from the parties, the trial court ruled that the child support would remain at $600 per month.  Pursuant to the written statement of facts, the trial court "held that the child support as it stands is woefully low particularly given the decrease in wife's earnings because of a reduction in her day care business."[1]

The trial court entered the final order on July 9, 2012.  Singh noted the following objection – "Seen and objected to amount of child support not taking into consideration emancipated child."  This appeal followed.

ANALYSIS

On appeal, Singh argues that "the trial court abused its discretion in deviating from the presumptive amount of the child support guidelines by failing to consider the statutory factors and without making written findings as required by statute."  However, Singh did not object on this ground at the trial court level.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."  Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Accordingly, we will not consider Singh's argument.

---

[1] Appellant submitted a written statement of facts, instead of a transcript, pursuant to Rule 5A:8.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>