UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Alston, Decker and Senior Judge Coleman

SALENA NICHOLE SHOWERS

v.      Record No. 1782-14-3

SHENANDOAH VALLEY DEPARTMENT
 OF SOCIAL SERVICES

SALENA NICHOLE SHOWERS

v.      Record No. 1783-14-3

SHENANDOAH VALLEY DEPARTMENT
 OF SOCIAL SERVICES

                                                    MEMORANDUM OPINION[*]
                                                       PER CURIAM
SALENA NICHOLE SHOWERS                               JANUARY 20, 2015

v.      Record No. 1784-14-3

SHENANDOAH VALLEY DEPARTMENT
 OF SOCIAL SERVICES

SALENA NICHOLE SHOWERS

v.      Record Nos. 1785-14-3

SHENANDOAH VALLEY DEPARTMENT
 OF SOCIAL SERVICES


                 FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                              Victor V. Ludwig, Judge

        (Jody L. Castillo; Castillo Law, PLC, on brief), for appellant.

        (James B. Glick; Susan B. Read, Guardian *ad litem* for the minor
        children; Vellines, Glick & Whitesell, P.L.C.; Black, Noland &
        Read, P.L.C., on brief), for appellee.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Salena Nichole Showers (mother) appeals the orders terminating her parental rights to her children. Mother argues that the trial court erred by (1) terminating her parental rights and approving the goals of adoption for the children because the Shenandoah Valley Department of Social Services (the Department) failed to prove that it was in the children's best interests to do so; (2) not recording the trial and preventing mother from being able to secure a transcript of the hearing; and (3) entering its own written statement of facts and denying mother the ability to file her own statement of facts. Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Mother has two children, a five year old and a two year old, who are the subject of these appeals. In early January 2013, the Department entered into a safety agreement with mother. The agreement required mother to leave the children in the custody of her mother (the maternal grandmother) and to have supervised visitation with the children. A representative of Child Protective Services (CPS) and the Sheriff's Department came to a residence where mother and the children were staying. They suspected that mother was under the influence of a drug. She tested positive for methamphetamines. Since mother had not been following the safety agreement and was under the influence, the Department removed the children from mother's care on January 25, 2013.

On February 27, 2013, the Augusta County Juvenile and Domestic Relations District Court (the JDR court) entered orders finding that the children were abused or neglected.

The Department required mother to complete a psychological examination and follow the recommendations, which included intensive drug treatment, random drug screens, and counseling. Mother tested positive for methamphetamines on May 1 and August 7, 2013. She was clean at the drug screen in September 2013 and did not appear at the one in October 2013. Mother was arrested on October 29, November 22, and December 12, 2013 for charges of driving under the influence and possession of a controlled substance.

The Department referred mother to two drug treatment programs, but she did not complete either one. There was evidence that mother entered another drug treatment program, the Boxwood program, but she was terminated from the program for a violation of the rules. She had nearly completed the first component of the Boxwood program before her termination. There also was evidence that on May 20, 2014, mother completed a day treatment program at the Valley Community Services Board and was enrolled in, but had not completed, an after-care program.

In addition to her failure to comply with the above requirements, mother also failed to complete a parenting class.[1]

Furthermore, the Department referred mother to a program that would assist her with obtaining housing, employment, and her driver's license. Mother did not cooperate with the program. She failed to obtain housing and instead, lived with friends or her brother. She was not employed while the children were in foster care and at the time of the final hearing.

Generally, with some exceptions, mother met regularly with the Department's representatives and maintained her weekly visitation with her children. However, the Department suspended the visitations on October 30, 2013 because mother was abusing drugs.

---

[1] She testified at the circuit court hearing that she had enrolled in a parenting class that was scheduled to begin after the hearing.

As of September 2013, the children have been living with the oldest child's paternal grandmother. The children are doing well in her care.

On February 12, 2014, the JDR court terminated mother's parental rights and approved the foster care plans with the goals of adoption. Mother appealed to the circuit court. After hearing all of the evidence and argument on June 3, 2014, the circuit court issued its ruling from the bench. It found that the Department presented clear and convincing evidence that it was in the children's best interests to terminate mother's parental rights pursuant to Code § 16.1-283(C). On July 7, 2014, the circuit court entered the final orders terminating mother's parental rights and approving the foster care plans with the goals of adoption. Mother timely noted her appeal.

On August 28, 2014, mother presented her notice and proposed written statement of facts. The guardian *ad litem* for the minor children filed objections to the proposed statement of facts. The circuit court found that both submissions were "incomplete, and, in some regards, . . . inaccurate." Therefore, on September 19, 2014, the circuit court prepared and entered its own written statement of facts.

## ANALYSIS

### *Termination of parental rights*

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

- 4 -

Mother argues that the trial court erred in terminating her parental rights. She contends that she completed a drug program and was committed to following through with the recommendations, so she did not relapse.

The circuit court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2), which states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

The Department removed the children from mother's custody due to concerns about her drug use. While the children were in foster care, mother continued to abuse drugs and failed at least two drug screens. She was arrested three times for driving under the influence and possession of a controlled substance. She did not complete the recommended drug treatment programs; however, there was evidence that she completed a day treatment program approximately two weeks before the hearing. She had not completed the after-care program. The circuit court stated,

> Despite her best intentions (and perhaps expectations), she had not, at the time of the hearing in this Court, fully completed a substance abuse course, and if past is prologue, her history of effort in that regard does not result in an optimistic prediction of her succeeding with the current course.

In addition, she never completed parenting classes while the children were in foster care. She signed up for a parenting class that started after the final hearing. The circuit court noticed that mother "intended to complete a parenting class, but 17 months after the removal, that, too, was a hope on the horizon, the course not beginning until two weeks after the hearing."

Furthermore, the circuit court was concerned that mother still did not have stable housing or employment at the time of the hearing. The circuit court found "[m]ost compelling[]" the fact that mother admitted that she was not able to care properly for the children at the time of the hearing.

The circuit court commented that mother's "progress, if progress there is, is hardly substantial." The circuit court held that mother was "not ready to receive her children, [and] it is a fair and reasonable conclusion that she will never be in a position to do so."

The evidence proved that mother had not substantially remedied the situation that led to the children being placed in foster care. As she admitted, she was not ready to care for the children, despite the services provided by the Department. The children had been in foster care for seventeen months at the time of the final hearing and needed a stable, safe environment.

As the circuit court explained, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Considering the totality of the evidence, the circuit court did not err in terminating mother's parental rights and finding that it was in the children's best interests to do so.

*Rule 5A:18*

Mother also argues that the trial court erred by not securing a court reporter for the final hearing and then issuing its own written statement of facts of the proceeding. Mother signed the order in which the circuit court stated that it was preparing its own written statement of facts as "seen and objected to," but never brought the specific issues raised in the second and third assignments of error to the attention of the trial court.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."). A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc).

Accordingly, we will not consider mother's second and third assignments of error.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.