COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

UNPUBLISHED

RODNEY DALE BRADY, JR.

v.      Record No. 1600-16-3

PATRICK COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
JANUARY 31, 2017

FROM THE CIRCUIT COURT OF PATRICK COUNTY
William N. Alexander, II, Judge Designate

(Harold E. Slate, II, on brief), for appellant.  Appellant submitting
on brief.

(Alan H. Black; Laura E. Frazier, Guardian *ad litem* for the minor
children, on brief), for appellee.  Appellee and Guardian *ad litem*
submitting on brief.


Rodney Dale Brady, Jr. (father) appeals orders terminating his parental rights to two of his

children.  Father argues that the trial court erred by terminating his parental rights "with the basis of

such termination being his incarceration and not within the children's best interests."  Upon

reviewing the record and briefs of the parties, we affirm the decision of the trial court.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Father and Jessica Dianne Gilley (mother) are the parents to two children, who were born in February 2013 and September 2014, and are the subject of this appeal.[1] The Department had been involved with the family since October 2013, when a Child Protective Services complaint was founded against mother due to her home being in "deplorable" condition.[2] In 2014, the Department received several more complaints against mother and father regarding the children. On September 5, 2014, father tested positive for methamphetamines. On September 26, 2014, the children came into the Department's care when mother gave birth to the parties' youngest child, and he tested positive for marijuana and amphetamines.

On October 22, 2014, father received an active sentence of two years for burglary and larceny, third offense. On March 31, 2015, father received an active sentence of two years and eleven months for violating his probation.

On January 7, 2016, the Patrick County Juvenile and Domestic Relations District Court (the JDR court) entered orders terminating father's parental rights to his two children pursuant to Code § 16.1-283(B) and (C)(2). Father appealed.[3]

On April 11, 2016, the parties appeared before the circuit court. Father testified that he wanted the children to be returned to mother's custody. He expected to be released from incarceration in 2017.

The circuit court also heard that both children were doing well in foster care and were with foster parents who wanted to adopt the children.

---

[1] Mother has three other children, who are not the subject of this appeal. Brady is not the biological father to mother's three other children.

[2] At the time, father was in jail.

[3] The JDR court also terminated mother's parental rights, and she appealed to the circuit court. The circuit court terminated her parental rights, and she appealed to this Court. See Gilley v. Patrick Cty. Dep't of Soc. Servs., Record No. 1601-16-3.

After hearing the evidence, the circuit court terminated father's parental rights pursuant to Code § 16.1-283(B) and (C)(2). The circuit court noted that mother and father evaded the Department from May 2014 through October 2014, and then, mother did not maintain adequate contact with the Department from October 2014 through August 2015. Mother's actions prevented the Department from "achieving a goal of returning the children to the parent's home." Furthermore, the circuit court noted that the parents' "persistent" drug use proved that the parents "did not adequately cure the abuse and neglect condition that caused the removal from the home."

This appeal followed.

## ANALYSIS

Father argues that the trial court erred in terminating his parental rights based on his incarceration and that the termination of parental rights was not in the children's best interests. Father did not endorse the final orders. There is no transcript from the circuit court hearing, and the written statements of facts do not include the parties' arguments.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

The record does not indicate that father preserved his arguments for appeal. Therefore, this Court will not consider them. Rule 5A:18.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>