COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Chafin and Senior Judge Haley

JANET GARRETT-KELLY

v.     Record No. 1541-16-2

RICHARD A. KELLY, II

MEMORANDUM OPINION*
PER CURIAM
APRIL 4, 2017

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Nathan C. Lee, Judge

(Jessica B. Mauger, on brief), for appellant. Appellant submitting on brief.

No brief for appellee.

(Paul S. Roskin; Vergara & Associates, on brief), Guardian *ad litem* for minor child. Guardian *ad litem* for minor child submitting on brief.


Janet Garrett-Kelly (mother) appeals an order that dismissed her appeals from the City of

Hopewell Juvenile and Domestic Relations District Court (the JDR court). Mother argues that the

circuit court erred by dismissing her appeal from the JDR court because "it did so without taking

any evidence in an appeal *de novo*." Upon reviewing the record and briefs of the parties, we affirm

the decision of the trial court.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing

below." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005)

(citations omitted).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mother and Richard A. Kelly, II (father) filed petitions for custody, visitation, child support, and spousal support in the JDR court. On October 21, 2015, mother, father, mother's guardian *ad litem*, and the child's guardian *ad litem* appeared before the JDR court. The JDR court awarded temporary joint legal custody to the parties and primary physical custody of the child to father. It also awarded mother reasonable visitation, but the child had to remain in Virginia. Lastly, the JDR court ordered mother to undergo a psychiatric evaluation and file the report with the court. The case was continued to February 17, 2016.

On February 17, 2016, father, mother's guardian *ad litem*, and the child's guardian *ad litem* appeared before the JDR court. Mother was not present. The JDR court entered its final orders in the matter. It awarded sole legal and physical custody of the parties' minor child to father and awarded visitation, as agreed, to mother. Mother was prohibited from removing the child from Virginia. The JDR court dismissed mother's petition for spousal support and ordered mother to pay $167.85 per month for child support and $65 per month toward the arrears. Mother appealed the JDR court orders.

On June 1, 2016, mother, father, mother's guardian *ad litem*, and the child's guardian *ad litem* appeared before the circuit court. The circuit court took judicial notice that on October 21, 2015, the JDR court ordered mother to undergo a psychiatric evaluation, and despite the lapse of seven months since the entry of the order, "no psychiatric evaluation report had been prepared and filed with the court or otherwise presented to counsel." Based on these facts, as well as comments from the child's guardian *ad litem*, and the court's observations of mother, the circuit court held that it could not "appropriately consider Mrs. Kelly's appeal of the Juvenile and Domestic Relations Court's order granting full legal and physical custody of the minor child to Mr. Kelly, without having first had the opportunity to review a psychiatric evaluation of Mrs. Kelly." The matter was continued to August 9, 2016 in order for mother to complete and

file the evaluation. Furthermore, the circuit court held that if the psychiatric evaluation was not completed and filed with the court by August 9, then it would dismiss mother's appeal. On June 29, 2016, the circuit court entered an order memorializing its rulings. Mother did not object.

On August 9, 2016, the matter was back before the circuit court. The circuit court noted that a psychiatric report had not been filed. In light of its previous ruling, the circuit court dismissed mother's appeal. On August 19, 2016, the circuit court entered an order memorializing its ruling and remanded the case to the JDR court. Mother's guardian *ad litem* endorsed the order as "Seen and objected to." This appeal followed.

ANALYSIS

Mother argues that the circuit court erred in dismissing her appeals because the circuit court did not conduct a *de novo* proceeding. She contends the circuit court violated her due process rights when it dismissed the appeals without hearing any evidence. She asserts that the circuit court incorrectly shifted the burden to her when it took judicial notice of the JDR court order requiring her to get a psychiatric evaluation.

Mother did not note any objection to the circuit court order entered June 29, 2016, and she simply endorsed the August 19, 2016 order as "Seen and objected to." A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*).

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

Mother is raising her arguments for the first time on appeal. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial

court to correct in the trial court any error that is called to its attention." <u>Lee v. Lee</u>, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Since mother did not preserve her arguments, this Court will not consider her assignment of error.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>