COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Alston and Senior Judge Coleman


RICHARD G. COLEMAN

                                                          MEMORANDUM OPINION*
v.        Record No. 2927-08-3                                PER CURIAM
                                                              JUNE 16, 2009
SUSAN CLAIRE HOGAN



                FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                            Michael S. Irvine, Judge

            (Richard G. Coleman, *pro se*, on brief).

            No brief for appellee.


        Richard G. Coleman appeals the circuit court's order dismissing his proceeding.  Coleman

argues that the circuit court erred by (1) refusing to process his notice of appeal of a support matter

from the juvenile and domestic relations district court (JDR court) and refusing to allow him to

testify and present evidence, which violated his Fourteenth Amendment rights to equal protection

under the laws; (2) misapplying the rule that an appeal from the JDR court should be noted within

ten days, as opposed to thirty days pursuant to the Uniform Interstate Family Support Act (UIFSA);

and (3) not considering the best interests of the child in refusing to process Coleman's notice of

appeal.  Upon reviewing the record and opening brief, we summarily affirm the decision of the

circuit court.  Rule 5A:27.

        On September 11, 2008, the JDR court dismissed Coleman's motion to amend child support

and notified Coleman of his right to appeal the ruling within ten days of the order.  Coleman

participated in the hearing by telephone.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On October 6, 2008, the JDR court received a notice of appeal from Coleman[1] and forwarded the notice to the circuit court. The circuit court returned the notice to Coleman because the deadline for appealing the JDR court order had expired and the circuit court did not have the case before it. Coleman and the clerk of the circuit court exchanged numerous letters regarding Coleman's attempt to appeal the JDR court's ruling.

On November 25, 2008, the circuit court entered an order stating that Coleman's attempt to initiate a proceeding was "summarily dismissed" because the "referenced case does not exist in this Court and no such case has been initiated in this Court and no such 'J&D Appeal' has been forwarded to this Court" by the JDR court.

Coleman argues that he timely noted his appeal of the JDR court order under UIFSA. However, Coleman did not preserve this argument for appeal because he did not raise the issue below. See Rule 5A:18. Rule 5A:18 states that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

---

[1] In appealing the JDR court's decision, Coleman incorrectly used the form for appeals from the circuit court to the Court of Appeals. In one of his letters to the circuit court clerk's office, Coleman also incorrectly cites to Rule 5A:6 when he argues that he had thirty days to note his appeal from the JDR court.

Coleman also argues that the circuit court erred in refusing to process his notice of appeal. Coleman contends that his Fourteenth Amendment rights under the Equal Protection Clause were violated because the circuit court did not process his appeal nor did it allow him to testify or present evidence. Furthermore, Coleman argues that the circuit court did not consider the best interests of the child when it refused to process the appeal. However, Coleman failed to timely note his appeal in the JDR court and, consequently, was not entitled to any consideration of his motion to amend. Coleman's failure to perfect his appeal was fatal, and the circuit court properly dismissed the matter.

Accordingly, we summarily affirm the circuit court's decision. Rule 5A:27.

Affirmed.