COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


CORDELIA ODOCHA

                                                          MEMORANDUM OPINION*
v.      Record No. 0805-09-4                                   PER CURIAM
                                                             OCTOBER 13, 2009
MATT P. SARAGO


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                            Nolan B. Dawkins, Judge

            (Cordelia Odocha, *pro se*, on brief).

            (Susan M. Butler; Roberta K. Henault; Shoun, Bach & Walinsky,
            P.C., on brief), for appellee.


        Cordelia Odocha appeals from an order, which granted Matt Sarago an annulment.  Odocha

contends the trial court erred by (1) annulling the parties' marriage; (2) relying on Sarago's expert

witness regarding Nigerian marriages and divorces; (3) denying Odocha a fair hearing; and

(4) entering the final order, which was drafted by Sarago's attorney who allegedly inserted her

opinion into the order.  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

                                     BACKGROUND

        Odocha and Sarago were purportedly married on July 21, 2007.  In early January 2008, the

parties separated but remained in the same residence, and in March 2008, they established separate

residences.  In January 2009, Sarago filed a complaint requesting that the parties' marriage be

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

declared void *ab initio* because Odocha was not divorced from her first husband when she married Sarago.

Odocha is a citizen of the Abia state of Nigeria, West Africa. On December 15, 1990, she married her first husband in a customary marriage, and they had a "church blessing" at a Roman Catholic church. In February 2000, her first husband left Odocha. She was not aware of his whereabouts, and between May and July 2000, she asked "the elders of my place" for a customary divorce. Odocha said that she obtained a customary divorce in February 2001; however, neither she nor her first husband was present at the meeting of the elders. No documentary evidence was presented about this meeting regarding the customary divorce. Odocha had not been in contact with her first husband since he left. On May 25, 2001, the Magistrate Court in Abia entered an order, titled "Order for Dissolution of Marriage." Her first husband was not present at the court proceedings, nor was he served with notice of a hearing regarding the dissolution of the marriage.

The trial court held that Odocha was not divorced from her first husband when she married Sarago. Therefore, the trial court found that Odocha's marriage to Sarago was void *ab initio*. Odocha signed the final order as "Except that defendant intends to appeal the honorable court's decision." She did not list her objections to the order. Odocha timely noted her appeal.

ANALYSIS

Questions Presented 2, 3, and 4 - Rule 5A:18

Odocha argues that the trial court erred by relying on Sarago's expert witness regarding Nigerian marriages and divorces. At trial, Sarago offered his witness as an expert in the area of Nigerian law and native law and custom in Nigeria. Odocha stated that she had an objection "to the extent that she is putting out herself for what she is not," and stated that she would question the witness on cross-examination. She did not want to voir dire the witness. After asking Odocha if

she had any objection to the witness being offered as an expert, the trial court accepted the witness as an expert "without objection."

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

Odocha also contends the trial court denied her a fair hearing and erroneously entered a final order, which was drafted by Sarago's attorney who allegedly inserted her opinion in the order. Odocha did not make these objections at the trial court level. Although she signed the order as "Except that defendant intends to appeal the honorable court's decision," a statement of "seen and objected to" is insufficient to preserve an issue for appeal. Id. at 515, 404 S.E.2d at 738.

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987). Accordingly, we will not consider these questions presented.

### Question Presented 1 – Rule 5A:20(e)

Odocha contends the trial court erred in annulling the parties' marriage. Although she did not specifically note an objection on the final order, she did preserve this issue in closing argument.[1]

---

[1] In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Lee, 12 Va. App. at 515, 404 S.E.2d at 738.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Odocha did not comply with Rule 5A:20(e) because her opening brief did not contain any principles of law or citation to legal authorities.

Odocha has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that Odocha's failure to comply with Rule 5A:20(e) is significant, so we will not consider Question Presented 1. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

CONCLUSION

For the foregoing reasons, we hold that all of Odocha's issues on appeal are procedurally defaulted under Rules 5A:18 and 5A:20(e). We therefore summarily affirm the decision of the trial court. Rule 5A:27.

Sarago asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed

- 4 -

and considered the entire record in this case, we hold that Sarago is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by Sarago in this appeal.

<u>Affirmed and remanded.</u>