COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Annunziata

MICHAEL KEVIN HUCK

v.     Record No. 1604-14-1

STACIE LEE DeLANGO HUCK

MEMORANDUM OPINION*
PER CURIAM
JUNE 2, 2015

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

(Michael Kevin Huck, *pro se*, on brief).

No brief for appellee.[1]


Michael Kevin Huck (father) appeals a final decree of divorce between him and Stacie Lee

DeLango Huck (mother). Father argues that the trial court erred by (1) violating his due process

rights; (2) approving of an incorrect separation date for the parties; (3) failing to take notice of

mother's substance abuse and mental health issues; and (4) placing "undue weight" on his criminal

charges that had been dismissed. Father further asserts that the guardian *ad litem* "did not perform a

complete and thorough investigation" and "reported false and incomplete information/facts" to the

court. Upon reviewing the record, the opening brief, and the letter submitted by the guardian *ad*

*litem*, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decision of the trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Anthony S. Mulford, guardian *ad litem* for the minor children, submitted a letter to this Court and attached a copy of his report to the trial court as a statement of his position in this appeal.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Father and mother married on July 5, 2002. They have two minor children. On February 7, 2013, mother filed a complaint for divorce. Father filed an answer and cross-claim.

On June 16 and 20, 2014, the parties and the guardian *ad litem* appeared before the trial court for a contested divorce hearing.[2] On June 25, 2014, the circuit court issued an eight-page letter opinion regarding custody and visitation. The circuit court stated that it intended to enter an interim order awarding joint legal custody to both parties, primary physical custody to mother, and reasonable and liberal visitation to father. The court wanted to review the matter in ninety days. On July 29, 2014, the circuit court entered a final decree of divorce and retained the matter on the docket. Father's counsel signed the final decree as "seen and objected to" and was subsequently allowed to withdraw. On August 28, 2014, father filed a *pro se* notice of appeal.[3]

ANALYSIS

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

---

[2] The record does not include a trial transcript or written statement of facts. Father filed a document with this Court asking that we "compel the court reporter . . . to provide a copy of the Trial Transcripts." We deny this request. "When a party seeks to have an issue decided in [his] favor on appeal, []he is charged with the responsibility of presenting an adequate record from which the appellate court can determine the merits of [his] argument." Pettus v. Gottfried, 269 Va. 69, 81, 606 S.E.2d 819, 827 (2004) (citations omitted).

[3] The parties appeared before the circuit court on November 10, 2014 for a custody review. The circuit court entered a final custody and visitation order on December 17, 2014. This order was not appealed.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Father endorsed the final decree as "seen and objected to" without further explanation. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). In a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. In this case, father did not file any post-trial motions. The record does not include the transcripts or a written statement of facts for the June 16 and 20, 2014 hearing, so it is not known whether father made a closing argument and whether he preserved his arguments. An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

In his first assignment of error, father argues that the trial court "failed to allow due process in the case as required by the 14th Amendment section 1 of the United States Constitution, and also in violation of VA. Discover rule 4:1(a) [sic]." Father does not state where he preserved this argument, as required by Rule 5A:20(c). He has failed to meet his burden on appeal.

In his second assignment of error, father argues that the trial court adopted an incorrect date of separation for the parties. He contends they separated on March 25, 2013, the date of the *pendente lite* hearing, as opposed to December 30, 2012, when mother obtained an emergency protective order that was subsequently dismissed. Father cites the *pendente lite* order to show

where he preserved the issue, but the *pendente lite* order does not include father's argument on appeal. This issue is barred by Rule 5A:18.

In his third assignment of error, father questions the competency of the guardian *ad litem*. Father does not indicate whether he raised this issue with the trial court, or whether the trial court made a ruling on the competency of the guardian *ad litem*. See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) (holding "there is no ruling for us to review" because appellant failed to obtain a ruling).

In his fourth assignment of error, father contends the trial court failed to take notice of mother's substance abuse and mental health issues. To support his argument, he cites Code § 20-124.3(2), which refers to the "age and physical and mental condition of each parent." Contrary to father's statements, the trial court stated in its letter opinion that it considered the mental condition of the parents. The court considered the factors in Code § 20-124.3 and concluded, "The evidence that related to their mental health (Mr. Huck's anger and bullying; Mrs. Huck's anxiety and depression) does not favor either party over the other."

In his fifth assignment of error, father argues that the trial court "gave undue weight to criminal charges . . . that had all been dismissed." In its letter opinion, the trial court considered the Code § 20-124.3 factors, including the ninth factor of whether there was a history of family abuse. The trial court found that there was a history of family abuse and cited three incidents, including an incident on December 31, 2012 that "led to issuance of an Emergency Protective Order and criminal charges that did not result in a conviction." The trial court acknowledged that father denied the abuse and reported that the December 31, 2012 matter was dismissed; however, the trial court found that mother's testimony about the abuse was "credible and compelling." Furthermore, the trial court noted that the guardian *ad litem* did not express concern about domestic violence and that mother "has expressed her continued willingness to

work with [father] for the good of the children." The record does not indicate whether father objected to these findings. Consequently, we do not consider the issue on appeal. Rule 5A:18.

In addition, father asserted in his fifth assignment of error that the trial court's emphasis on his criminal charges violated his due process rights and showed "sexual discrimination in the Trial Court/Judge decision process." As with his other assignments of error, father does not indicate where he raised these arguments with the trial court. Rule 5A:20(c); see also Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court.").

Further, father's opening brief does not comply with Rule 5A:20. He was given an opportunity to amend his opening brief, but his amended opening brief still does not comply with Rule 5A:20. As already stated, he did not comply with Rule 5A:20(c) because he did not indicate where in the record that he preserved his arguments. The opening brief does not include a statement of the case, Rule 5A:20(b), or a statement of facts, Rule 5A:20(d). Although father included a copy of Code § 20-124.3 to support his fourth assignment of error and quoted the Fourteenth Amendment of the United States Constitution for his first assignment of error, he does not include any relevant legal authorities to support his arguments. Rule 5A:20(e).

In addition, the appendix does not comply with Rule 5A:25. The appendix did not include a copy of the initial pleading, the final decree of divorce, or any testimony or exhibits from the hearings that pertain to the assignments of error.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's

"function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

Father's failure to comply with Rules 5A:20 and 5A:25 is significant. Therefore, this Court will not consider his assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.